## UNITED STATES v. KARLIN.

(District Court, D. Oregon. March 14, 1898.)

REMOVAL OF PRISONER—REQUISITE PRESENTMENT—SUFFICIENCY OF PETITION.
There can be no removal, under Rev. St. § 1014, from one district to another for trial, where there has been neither an indictment nor an examination before a commissioner, in either district, involving an inquiry as to the fact of the alleged crime, and, if the petition of the United States attorney for the removal alleges only an affidavit charging a crime, the prisoner will be released.

This was a petition by the United States attorney for the district of Oregon for the removal of defendant, Fred Karlin, to the district of Washington, where it is alleged he is charged by affidavit with a violation of the internal revenue laws.

John H. Hall, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty. George C. Brownell, for defendant.

BELLINGER, District Judge. The petition of John H. Hall, United States attorney, shows that on the 7th of February, 1898, before F. M. Bonney, a United States commissioner for the district of Washington, residing in the city of Spokane, in that district, an affidavit was made by one W. E. McAfee, a deputy collector of internal revenue of said district of Washington, charging the defendant with unlawfully carrying on the business of a retail liquor dealer without having paid the special tax required by law, and removing, depositing, concealing, and disposing of distilled liquors, with intent to defraud the United States of the tax thereon, contrary to the form of the statute in such cases made and provided, etc.; that a warrant was duly issued by the said commissioner for the arrest of the said Fred Karlin on the said 7th of February, 1898; that said warrant was placed in the hands of the United States marshal for the district of Oregon, and by virtue thereof the said marshal arrested the said Karlin, and now has

him in custody; that said Karlin was examined before United States Commissioner Edward N. Deady, on the 9th day of March, 1898, as to the identity of said Karlin and the person charged, and held by said commissioner to await the action of this court. Wherefore the attorney for the United States petitions that an order be issued directing the marshal for this district to deliver said Karlin to the United States marshal for the district of Washington, at Spokane. This proceeding is brought under section 1014 of the Revised Statutes of the United States, which section provides, among other things, that where any offender or witness is committed in any district other than that where the offense is to be tried it shall be the duty of the judge of the district, where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had. In Re Bailey, Woolw. 422, Fed. Cas. No. 730, the question of procedure under this statute is considered in a correspondence between Mr. District Judge Love and the late Mr. Justice Miller, and the conclusion reached that, in cases arising under this statute, there must be an examination of the person sought to be removed, where no indictment has been found; at least before the commissioner for the district where the party is found, or before the commissioner of the district where the crime is alleged to have been committed. In short, there can be no removal of the defendant upon a mere affidavit charging him with the commission of a crime, as the basis of a proceeding or prosecution against him. It is said in this case that the examination which has taken place before Commissioner Deady involved an inquiry as to the fact of the crime, but my action must be based upon the petition of the attorney for the United States. I am concluded by the facts appearing in that petition. How far it is open to the prosecution to issue another warrant for the arrest of Karlin, and to hold him for an examination before the commissioner here for the crime charged, is not decided. Upon the petition of the district attorney, because of its insufficiency, there will be an order directing the discharge of the defendant.