PRICE v. McCARTY, United States Marshal.

(Circuit Court of Appeals, Second Circuit. June 24, 1898.)

No. 105.

1. HABEAS CORPUS—OFFICE OF WRIT—PRISONER HELD UNDER REMOVAL WARRANT.

On a writ of habeas corpus in behalf of one held under a warrant for removal to another district for trial, the court can only consider questions going to the authority and jurisdiction of the district judge to issue the warrant of removal. If there was a proper case for removal, the prisoner should be remanded, notwithstanding irregularities or errors of procedure in his arrest, examination, or commitment.

2. CRIMINAL LAW—REMOVAL OF PRISONER TO ANOTHER DISTRICT FOR TRIAL.

The issuing of a warrant by a district judge, under Rev. St. § 1014, for the removal of a prisoner to another district for trial, is not a mere ministerial act, but one involving the exercise of judicial discretion. While the action of the committing magistrate is prima facie sufficient basis for the warrant, the judge may, if he deem best, hear further evidence on behalf of the prisoner, and also to prove his probable guilt and the pendency of an indictment against him in such other district.

3. SAME.

That the warrant of removal directs the prisoner to be delivered for trial for the larceny of a part only of the property which he was committed by the commissioner for stealing does not vitiate the warrant.

4. SAME.

The fact that the indictments found in the district to which the prisoner is sought to be removed do not sufficiently or correctly, as to matters of form, allege the offense, does not make the warrant of removal unwarranted, or even erroneous; for these questions may properly be left to the disposition of the court by which the offender is to be tried.

Appeal from the Circuit Court of the United States for the Southern District of New York.

A. J. Rose, for appellant.

Max J. Koehler, Asst. U. S. Atty., for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from an order of the United States circuit court for the Southern district of New York dismissing a writ of habeas corpus, and remanding the petitioner therein to the custody of the marshal for removal to the District of Columbia. 83 Fed. 830. The appellant was arrested at the city of New York upon a warrant issued by a commissioner of the circuit court charging him with the offense of larceny committed at the city of Washington. After an examination before the commissioner, he was committed to the custody of the marshal pending the issuance of a warrant of removal by the district judge. Thereafter, upon an application by the United States attorney, the district judge issued a warrant commanding the marshal to remove the prisoner for trial in the District of Columbia, and deliver him to the marshal of that district. The proceedings were instituted under section 1014 of the United States Revised Statutes.

The assignments of error which are not addressed to the want of authority of the district judge to issue the warrant of removal do not require consideration. The writ of habeas corpus is not to be used to perform the functions of a writ of error or appeal. In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785; In re Frederick, 149 U. S. 70, 13 Sup. Ct. 793. If there was a proper case for the removal of the prisoner pursuant to the provisions of the section, the court below properly remanded him to the custody of the marshal, notwithstanding there were irregularities or errors of procedure in his arrest, examination, or commitment. The object and office of the writ "is to ascertain whether the prisoner can legally be detained in custody, and, if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." Nishimura Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336; Iasigi v. Van de Carr, 166 U. S. 391, 17 Sup. Ct. 595; Coleman v. Tennessee, 97 U. S. 509–519; U. S. v. McBratney, 104 U. S. 621–624. It is the duty of the court on habeas corpus "to dispose of the party as law and justice require." Rev. St. U. S. § 761.

The record of the proceedings upon which the warrant of removal was issued is contained in the return by the district judge made to the writ of certiorari which accompanied the writ of habeas corpus, and includes the evidence produced before the commissioner. We are to

examine this record to ascertain whether a case within the purview of the statute was presented for the consideration of the district judge sufficient to authorize the exercise of the judicial power which the statute conferred upon him.    The statute provides that commissioners of the circuit courts and certain other magistrates "may arrest and imprison, or bail, the offender for trial before such court of the United States as by law has cognizance of the offense." It further provides that, when the offender "is committed in any district other than that where the offense is to be tried," it shall be the duty of the district judge where such offender is imprisoned "seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had." That provision, as was said by Judge Dillon, in Re Buell, 3 Dill. 116, Fed. Cas. No. 2,102, "devolves on a high judicial officer of the government a useful and important duty.    In a country of such vast extent as ours, it is no light matter to arrest a supposed offender, and, on the mere order of an inferior magistrate, to remove him hundreds, it may be thousands, of miles for trial.    The law wisely requires the previous sanction of the district judge to such a removal."    The issuing of a warrant is not a mere ministerial act, for, if it were, it could as well have been intrusted to the committing magistrate.    The provision contemplates that the district judge shall determine, in the exercise of judicial discretion, whether the prisoner shall be taken to another jurisdiction for trial, and that he may refuse the warrant if, in his judgment, the removal should not be made.    Doubtless the action of the committing magistrate is prima facie sufficient for the basis of the warrant, but it is not conclusive; and while the judge should not unnecessarily require another or preliminary examination, if in his judgment it is expedient that the prisoner be further heard in defense, it is his duty to pass fully upon the case, and determine for himself whether the removal should be ordered.    U. S. v. Brawner, 7 Fed. 88; In re Wolfe, 27 Fed. 606; U. S. v. Fowkes, 3 C. C. A. 394, 53 Fed. 13.    Whether he has authority to review the proceedings before the committing magistrate, and discharge the prisoner, unless the question of the lawfulness of the imprisonment is brought before him on a writ of habeas corpus, it is not necessary to decide.    We think it clear that, if a case is presented to him which gives him jurisdiction to entertain the application, he is at liberty to receive further evidence to prove the probable guilt of the prisoner, or of the pendency of an indictment for the offense in a court having jurisdiction thereof.

It appears by the return that the warrant upon which the prisoner was arrested was issued upon a verified complaint alleging that on the 31st day of March, 1897, at the city of Washington, in the District of Columbia, the prisoner "unlawfully and feloniously did steal, take, and carry away 1,330 United States notes of the denomination and value of $5 each, 317 United States notes of the denomination and value of $1 each, 105 United States silver coins of the denomination and value of $.25 each, 23 United States silver coins of the denomination and value of $.10 each, 17 United States nickel coins of the denomination and value of $.05 each, the lawful money of the United States," and also alleging that an indictment had been found in the supreme court of the District of Columbia against the prisoner for the offense.

Upon the examination before the commissioner a duly authenticated copy of an indictment in the supreme court of the District of Columbia, filed June 15, 1897, and charging the prisoner with stealing "two hundred and fifty securities and obligations of said United States of the kind known as and called silver certificates, each of the denomination and each of the value of five dollars," was introduced in evidence. Witnesses were produced, and gave testimony tending to show that the prisoner was probably guilty of the offense charged in the complaint. Thereafter the commissioner issued a warrant committing him to the custody of the United States marshal for trial at the District of Columbia until a warrant for his removal should be issued by the United States district judge, or until he should be otherwise dealt with according to law. Upon the application to the district judge for the warrant of removal, the United States attorney produced authenticated copies of two other indictments filed in the supreme court of the District of Columbia, in one of which the prisoner was charged with the same offense as that charged in the indictment of June 15th, and in the other of which he was charged with the larceny of "one hundred and five silver coins of the coinage of the said United States, each of the denomination and each of the value of a quarter of a dollar." The district judge thereupon issued a warrant of removal, reciting the arrest of the prisoner and his commitment by the commissioner for the offense charged in the original complaint, and commanding his removal to the District of Columbia for trial upon the last-mentioned indictment only.

We entertain no doubt of the authority of the district judge to issue the warrant of removal. The evidence tending to prove that the prisoner was guilty of the larceny was circumstantial and inconclusive, but there was enough to call upon the commissioner to exercise his judgment upon the facts, and therefore to justify his action in committing the prisoner. Bryant v. U. S., 167 U. S. 104, 17 Sup. Ct. 744. That the larceny was an offense against the United States is clear, because it was committed in the District of Columbia, a place within the exclusive jurisdiction of the United States. The warrant of removal directs the prisoner to be held and delivered over for trial for a less serious offense than that for which he was committed by the commissioner,—a larceny of part of the property stolen instead of the whole; but this does not vitiate it, and indeed this part of the warrant is nugatory, because it is not binding upon the courts of the District of Columbia, and the prisoner can be placed on trial there for any offense over which they have jurisdiction. Lascelles v. State of Georgia, 148 U. S. 537, 13 Sup. Ct. 687.

The district judge was of the opinion that the two indictments were defective in averments, and that the prisoner could not be convicted thereunder of the offense sought to be charged. If he was right in this conclusion, and even if neither of the indictments sufficiently or correctly, as to matters of form, alleged the offense, it would not have been an unwarranted or even erroneous exercise of his judicial power to order the removal of the prisoner. Upon such an application these questions can properly be left to the disposition of the court by which the offender is to be tried. Where the indictment discloses that the offense charged is one over which the trial court has no juris-

diction, or is one for which for any reason the prisoner is not amenable to criminal prosecution in another district, the district judge may properly refuse to order his removal.     In short, it is for him to decide, in view of the facts of the particular case, whether the ends of justice will be best subserved by granting or refusing the warrant.     It is to be observed that the statute does not in terms require that an indictment shall have been found against the offender, or that criminal proceedings in any form shall have been instituted against him, in the district where he has committed an offense against the laws of the United States.     The authority to arrest and remove is conferred in broad terms.     Cases may arise where the immediate apprehension of an offender, who is a fugitive from justice, is necessary to prevent his escape from the country, and where, although his guilt is clear, proof cannot be presented in time to procure an indictment before he can find refuge in a foreign land.     That it is within the constitutional power of congress to authorize the arrest of an offender against the laws of the United States at any place within the United States, and his removal to the place where the offense is triable, cannot be doubted.     In exercising the authority given by statute, the officers named have wisely insisted generally that it should be made to appear that criminal proceedings in some form have been instituted against the offender within the district where the offense is triable, and usually that an indictment has been found against him; but Chief Justice Marshall, in Virginia, committed Aaron Burr for trial in Ohio, after a hearing before him as committing magistrate, for an offense committed in another district, although no proceedings had been instituted in Ohio.     Burr's Case, 25 Fed. Cas. pp. 201–207.     We conclude that the court below properly dismissed the writ, and the order appealed from is therefore affirmed.