In re WOOD.

(District Court, D. Oregon. June 29, 1899.)

No. 4,460.

1. CRIMINAL LAW—PROCEEDINGS TO REMOVE OFFENDERS—CONCLUSIVENESS OF DECISION OF COMMISSIONER.

The action of a commissioner in discharging a person in proceedings for his removal to another district for trial on a criminal charge, after a full hearing, should be conclusive on the government, especially where the testimony offered is that upon which the indictment was found.

2. SAME—COPY OF INDICTMENT AS EVIDENCE.

A certified copy of an indictment found in another district, if it contains allegations sufficient to show that a crime has been committed, is sufficient, as a prima facie showing of probable cause, to authorize the removal of the defendant to such district for trial; but it is not conclusive, and the court may, in its discretion, require further evidence.

In the matter of the removal of John Wood to the district of Washington for trial on a criminal charge.

John H. Hall, U. S. Atty.

Charles J. Schnabel, for defendant.

BELLINGER, District Judge. This is a proceeding for the removal of John Wood to the district of Washington, upon an indictment, found in that district, charging him with subornation of perjury in procuring one James M. Perry to make, before the register of the public land office, a certain false oath, which false oath consisted of a sworn statement in writing, required under the provisions of the act of congress for the sale of timber lands in the states of Oregon, Nevada, California, and Washington Territory, to the effect that the said Perry had made a personal examination of certain public lands of the United States, when in truth and in fact he had not been upon or examined said lands, and did not know at the time whether the affidavit so made was true or false. The application for removal was heard by Commissioner Deady, who, without other evidence than the certified copy of the indictment found in the district of Washington, ordered the defendant committed to await an order of removal. Prior to this proceeding a like petition was filed by the attorney for the United States before E. D. McKee, also commissioner for this district, before whom a hearing was had, and the testimony of witnesses taken. The witnesses examined were James M. Perry (the party whose false affidavit, it is alleged, was procured by Wood) and the wife of said Perry. At this hearing no copy of the indictment was presented.

Upon consideration of this testimony, Commissioner McKee ordered the discharge of the defendant.

Upon this application for removal, two questions are presented: First, as to the effect of the discharge by Commissioner McKee; and, second, as to the sufficiency of the showing made to authorize an order of removal.

As to the first question, I am of the opinion that the action of the commissioner in an application of this kind, upon the full consideration of the testimony offered, and especially where such testimony is that upon which the indictment is found, should be final. It should not be open to the government to file repeated petitions before different commissioners upon substantially the same state of facts. If, for any reason, the government was unable to obtain the testimony of witnesses, and its case was therefore not fully presented, this would afford ground for a rehearing before the commissioner having cognizance of the matter. Where the hearing has been full and complete, the action of one commissioner in refusing to commit the defendant, unless such action has been arbitrary and in manifest disregard of his duty, ought not to be made the subject of review before a second commissioner.

An agreed statement of the testimony of Perry and his wife before Commissioner McKee was made on this hearing, so that I am enabled to know what the facts are upon which the indictment in the district of Washington was found, and upon which the government expects to secure a conviction of the defendant. This testimony, so far as it relates to the crime charged in the petition filed as the ground for removal, consists of the statement by Perry and wife that Wood requested the former to go to Ellensburg, and make an application and filing to purchase upon the land in question. This is the testimony relied upon to prove that Wood instigated Perry to make the alleged false oath that he had made a personal examination of the land filed on. There was no testimony tending to prove that Wood procured or advised the making of the alleged false averment contained in the affidavit, or that he procured the affidavit to be filed. These are mere inferences of fact deduced from the fact that Wood instigated the application to purchase, since such an affidavit is required when an application to purchase is made. Such an inference cannot be allowed to establish the criminal act charged. Moreover, it does not appear from the testimony of the witnesses, nor from the allegations of the indictment, that Wood knew that an affidavit of the character mentioned was required upon such an application as was made. Upon such a case there can be no conviction. In this case the parties, having failed to show probable cause upon the testimony of witnesses, by a new proceeding before another commissioner had recourse to the expedient of a certified copy of an indictment, based upon the testimony of these same witnesses, as evidence of probable cause to justify the commitment of the defendant. The statutes of Oregon have made this indictment evidence in such a case. Under section 1014 of the Revised Statutes, the procedure upon this application must conform to the usual mode of process against offenders in the state. But, while such copy is evidence, it is not conclusive. Under a simi-

lar statute in the state of California, it was held, in U. S. v. Haskins, 3 Sawy. 270, Fed. Cas. No. 15,322, that a copy of an indictment, if uncontradicted, is sufficient proof of probable cause to justify the commitment of the defendant. This statute, like ours, provided that such copy may be received as evidence by the examining magistrate. And, in the absence of a state statute of this kind, the general rule in the federal courts undoubtedly is that, if the indictment contains allegations sufficient to show that a crime has been committed by the party charged, it is sufficient, as a prima facie showing, to order a removal, if nothing else appears. This question is gone into very fully in Re Dana, 68 Fed. 886. In that case the court quotes from the case of In re Wolf, 27 Fed. 606, as follows: "If the indictment contains allegations sufficient to show a crime has been committed by the party charged, it is the practice of the federal judges to take the same as a prima facie showing that a crime has been committed at the place alleged by the party charged, and, if nothing else appears, to order a removal of the party charged. But I have no doubt the judge, in his sound discretion, may go into the whole case, if necessary, to enable him to determine whether the party is to be removed from his home to a distant part of the country. This is a law in restraint of liberty, and, like all laws of this character, while the very substance of the law is not to be construed away, yet it is to be strictly construed and strictly pursued. The government asking a removal is required to fully comply with the law." Other cases to the same effect are also cited,—among them, that of U. S. v. Fowkes, 49 Fed. 50, where the court, admitting the indictment in evidence, found it insufficient on hearing the defendant's evidence; stating that the court may treat an indictment as sufficient authority for holding the relator, or it may not, as circumstances seem to require. And the court, in Re Dana, in quoting from the circuit court of appeals affirming the case last cited, says: "'We do not doubt that a district court may, in its discretion, and in a proper case, order a warrant of removal upon an indictment alone, but it would be going much too far to hold that in all cases * * * the judge is precluded from hearing any other evidence than' the indictment; and the court held that the judge was in that case justified in requiring that he should be satisfied, before he would deprive the relator of his personal liberty and order his transfer to a distant state for trial (Missouri), that there was evidence on which a jury might convict in that state, and that there was no error by the judge in his requiring, after the evidence given by the defendant, 'other evidence than the indictment itself, that the court in Missouri had cognizance of the offense, and in discharging the accused upon failure of the government to comply with that requirement.'" 3 C. C. A. 394, 53 Fed. 13. So it is clear, upon principle and authority, that a certified copy of the indictment is not conclusive evidence of the existence of probable cause to warrant a removal. In this case the facts are very clear, as already shown. The indictment is not superior, as evidence, to the testimony of the witnesses upon which the indictment was found. The indictment was ex parte. The testimony was taken in open court, where the witnesses were subject to cross-examination by the

defendant; and from this examination, as I have already shown, it does not appear that the crime charged has been committed by the defendant. Under these circumstances, there can be no order for removal, and this is without reference to the effect of the discharge of the defendant by Commissioner McKee upon the first application for his commitment.

The only order that can be made in the case is one for the prisoner's discharge. He is held under a commitment for an order of removal, and, unless it is a proper case for removal, a discharge must follow. Upon the conclusion which I have reached, the prisoner would be entitled to a writ of habeas corpus, if not otherwise discharged from custody. U. S. v. Rogers, 23 Fed. 658. Ordered that the petition for removal be dismissed, and the prisoner discharged.