## Ex parte JONES.

### (Circuit Court, N. D. Alabama, S. D. August 16, 1899.)

1. UNITED STATES COMMISSIONER—POWERS AS EXAMINING MAGISTRATE—PROBABLE CAUSE.

    The powers exercised by a United States commissioner in the examination of a person charged with an offense are those common to all examining magistrates. To authorize him to commit, he need not be convinced of the guilt of the accused, but the proof should be such as to afford good reason to believe that the offense was committed, and by the accused; otherwise, it is his duty to discharge.

2. HABEAS CORPUS—PRISONER COMMITTED BY MAGISTRATE.

    The sufficiency of the evidence on which an accused was committed by a magistrate is not open to review in a proceeding by habeas corpus, but where, although there was evidence of the commission of the offense, there was no competent evidence even tending to incriminate the person charged, he should be discharged on habeas corpus.

### Petition for Writ of Habeas Corpus.

The petitioner is charged with unlawfully using the United States mails. Being arraigned before the commissioner, she pleaded, "Not guilty." Della Williams testified to visiting the defendant's house, and finding her husband there. "I then broke some panes of glass in one of the defendant's windows to her house. I done this in order to get full view of my husband, who was standing at the back door, trying to get it open." She then testified to the receipt through the United States mails of four letters, the sending of which would be a violation of the postal laws and regulations of 1893. Witness said she was positive in her mind that the defendant mailed the letters, but she testified to no fact tending to show that the defendant wrote or posted them. "One of the letters called me 'a four-day snow cow,' and the damage done they would pay for." James W. Bass testified that he was not acquainted with defendant, but that she acknowledged to him "that a large, yellow, fat woman broke several panes of glass in one of her windows on a cold, snowy morning in February," and that he (witness) held the letters mentioned in the evidence for further reference. Bessie Williams testified that she received from a mail carrier the four letters referred to, "and I opened one of said letters, and I remarked to my mother, who was present, that they were from Cherry Jones, and that I wouldn't read any more of them, because they were too bad. I am fully satisfied that they were from Cherry Jones, as her name was signed to some of them." The commissioner committed the defendant for trial, fixing her bond at $500, and she is now confined in jail. She files a sworn petition for writ of habeas corpus, and an agreement is presented with the papers, signed by the district attorney and by the attorney for the petitioner, to the effect that the case may be tried and decided on the evidence as taken down by the commissioner; and the agreement is also to the effect that the letters referred to are such as are prohibited by the statute.

J. Finley White, for petitioner.

Wm. Vaughan, U. S. Atty., and Shelby S. Pleasants, Asst. U. S. Atty.

SHELBY, Circuit Judge (after stating the facts as above). In committing a prisoner to await the action of the grand jury, a United States commissioner exercises the powers common to all committing magistrates. If there is probable cause for holding the defendant for trial, he commits him; if not, he discharges him. To commit, he should not require that proof which would be necessary to convict on a trial in chief, nor should he require proof that convinces his mind of the defendant's guilt. He should, however, require that probable cause be shown. That means that the case is made out by proof furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it. Marshall, C. J.; Trial of Burr (Coombs) p. 4, Fed. Cas. No. 14,692a. When the proof does not furnish such "good reason," it is the duty of the commissioner to discharge the defendant, and this duty is just as imperative as the duty to commit him on proper proof. An examination of the evidence in this case will show that there is no evidence—direct or circumstantial—that the petitioner ever saw the obscene letters. They are not shown to have been written by her or for her. It is not shown that the writing resembles hers, nor even that she can write. There is nothing in the evidence to make the letters admissible against her. It is clear that, on the evidence, she was entitled to be immediately discharged by the commissioner.

That conclusion, however, does not necessarily dispose of the case on this proceeding. The writ of habeas corpus is not ordinarily permitted to be used to review the decision of a United States commissioner on the facts. Although it may be clear that the evidence was not sufficient to hold the accused, it seems that, if there was any evidence tending to show her guilt, the action of the commissioner will not be disturbed on habeas corpus. The court will not inquire into the merits of the decision of the committing magistrate, if he has before him any competent legal evidence, tending to incriminate the defendant, on which to exercise his judgment. In re Cortes, 136 U. S. 330, 10 Sup. Ct. 1031. The present practice in the federal courts is that, where there is some evidence tending to show that the party who has been committed by a United States commissioner is guilty of the offense charged, the sufficiency of such evidence is not open to review on a proceeding by habeas corpus. The commissioner is to judge of the sufficiency of the evidence. But the court may inquire whether the commissioner had any competent or legal evidence before him on which to exercise his judgment as to the criminality of the accused. Church, Hab. Corp. (2d Ed.) § 231. If it appears from the evidence before the committing magistrate, not only that no probable cause was shown, but that there was no legal evidence before him tending to incriminate the petitioner, she should be discharged on habeas corpus. Id. § 230, note 4. It is true that there was evidence before the commissioner tending to show that the offense charged had been committed by some one, but a careful examination discloses no legal evidence on which the commissioner could exercise his judgment in holding the petitioner for trial. An order will be made discharging the petitioner.