UNITED STATES ex rel. FARNHAM v. ROBINSON et al.

(District Court, E. D. Pennsylvania. December 14, 1903.)

No. 138.

1. HABEAS CORPUS—MATTERS REVIEWABLE—DECISION OF JUDGE GRANTING WARRANT FOR REMOVAL OF PRISONER TO ANOTHER DISTRICT.

On the hearing of an application for a warrant for the removal to another district for trial of a person there charged with crime, the judge acts judicially; and, where the warrant recites that the requisite facts appear to his satisfaction from the evidence and record, there is an implication that he examined the testimony taken before the commissioner, and the judge of the district to which the prisoner is returned will not re-examine it on a writ of habeas corpus for the discharge of the prisoner on the ground that there is no legal and competent evidence to support the charge made against him.

Habeas Corpus.

Reynolds D. Brown and Malcolm Lloyd, Jr., for relator.
James B. Holland and William M. Stewart, Jr., for respondents.

J. B. McPHERSON, District Judge. The relator is charged with an offense under chapter 26 of the act of April 18, 1884, 23 Stat. 11, 1 Supp. Rev. St. 425 [U. S. Comp. St. 1901, p. 3679], the averment being that he impersonated an officer of the secret service, with intent to defraud a hotel keeper in the city of Lancaster, in this district. He was arrested at Syracuse, in the state of New York, and was brought before a United States commissioner, who heard the

testimony, and committed him to the jail of Cayuga county, in default of bail. A day or two afterwards he was brought before Judge Ray, the district judge for the Northern District of New York, and a warrant of removal to this district was asked for. The warrant was granted, and he was brought to this city and delivered to the United States marshal, by whom he was committed to the custody of the keeper of the Philadelphia County Prison. He has now been brought before me on a writ of habeas corpus, and I am asked to examine the testimony taken before the commissioner in Syracuse, and to decide that no legal and competent evidence was offered to show that the relator had committed the offense of which he is accused. His identity is not denied, but he is said to be entitled to discharge because (so it is argued) the notes of testimony returned by the commissioner show clearly that no offense had been committed, and that no evidence was offered on which a jury could proceed. U. S. v. Fowkes (D. C.) 49 Fed. 50; Id., 53 Fed. 13, 3 C. C. A. 394; Ex parte Jones (C. C.) 96 Fed. 200. The sufficiency of the evidence is not questioned, and, indeed, under In re Stupp, 23 Fed. Cas. 296, In re Blair, 10 Pa. Dist. R. 391, and other cases, such a question could not be raised. But whether there was any evidence is a different matter; and, if it were clear that the order of removal had been granted without an independent examination of the evidence by the judge, I should feel it my duty to examine the notes myself, in order to see whether there is any legal and competent evidence to support the charge. But the difficulty is this: Upon the hearing of an application for a warrant of removal, the judge does not act ministerially, but judicially. As was said in Price v. McCarty, 89 Fed. 86, 32 C. C. A. 164:

."The issuing of a warrant is not a mere ministerial act, for, if it were, it could as well have been intrusted to the committing magistrate. The provision contemplates that the district judge shall determine, in the exercise of judicial discretion, whether the prisoner shall be taken to another jurisdiction for trial, and he may refuse the warrant if, in his judgment, the removal should not be made. Doubtless the action of the committing magistrate is prima facie sufficient for the purposes of the warrant, but it is not conclusive, and, while the judge should not unnecessarily require another or preliminary examination, if, in his judgment, it is expedient that the prisoner be further heard in defense, it is his duty to pass fully upon the case, and determine for himself whether the removal should be ordered. U. S. v. Brawner [D. C.] 7 Fed. 88; In re Wolfe [D. C.] 27 Fed. 606; U. S. v. Fowkes [53 Fed. 13] 3 C. C. A. 394. Whether he has authority to review the proceedings before the committing magistrate, and discharge the prisoner, unless the question of the lawfulness of the imprisonment is brought before him on a writ of habeas corpus, it is not necessary to decide. We think it clear that, if a case is presented to him which gives him jurisdiction to entertain the application, he is at liberty to receive further evidence to prove the probable guilt of the prisoner, and of the pendency of an indictment for the offense in the court having jurisdiction thereof."

Now, the warrant of removal under consideration, which is signed by Judge Ray, distinctly recites as follows:

"And it appearing to my satisfaction from the evidence and record of the proceedings had herein as aforesaid that a crime has been committed in the said Eastern District of Pennsylvania, that the said Herbert C. Farnham is the identical person charged with the commission of said crime, and that there is probable cause, from the record and proceedings aforesaid, to believe that the said Herbert C. Farnham committed said crime," etc.

In the face of this recital, given under the hand of the district judge, it seems to me that I should not re-examine the testimony. It was urged that the language quoted is purely formal, and does not correspond with the fact, but there is no evidence of this; and without such evidence—perhaps, not even if the evidence were offered—I do not see how I can so find, in contradiction of the judge's certificate. In this district it is not the usual practice for the judge to examine the testimony taken before the commissioner, but, if a prisoner so requested, it would, of course, be done. I do not know what the practice may be in the Northern District of New York, except from what appears in the order itself; but it is clear, I think, that, if the relator did make such a request at the time when the warrant was asked for, the judge would have complied with the request. If he did so comply, and decided that the testimony taken before the commissioner justified commitment for trial, it would certainly be improper for me to re-examine the testimony upon this writ of habeas corpus, and act upon my own view of its effect. But so far as appears, the testimony was examined and found to be sufficient by the judge of the Northern District of New York, for he so declares, and without contradiction. I think, therefore, that I cannot properly be asked practically to sit in judgment as a court of appeal upon the correctness of an order made by the judge of another district. It follows that the relator must be remanded to the custody of the keeper of the Philadelphia County Prison.