## UNVERZAGT v. BENN, U. S. Marshal.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1925.)

No. 4398.

1. **Criminal law** &#9758;242(8)—**Accused cannot be removed to other district for trial without hearing.**

An accused cannot be removed to other federal district for trial without hearing.

2. **Habeas corpus** &#9758;87—**Discharge of writ sought to prevent removal of petitioner to other federal district for trial held proper.**

Discharge of writ of habeas corpus sought for purpose of preventing removal to other federal district for trial *held* proper, in view of showing, at time of hearing on petition for writ, that hearing as to removal had been had before commissioner, and that petitioner was detained to await further hearing before court, pursuant to Rev. St. § 1014 (Comp. St. § 1674).

Ross, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Application for writ of habeas corpus by Charles H. Unverzagt against E. B. Benn, as United States Marshal for the Western District of Washington. From an order discharging the writ (299 F. 1015), petitioner appeals. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., and John T. Casey, John F. Dore, and F. C. Reagan, all of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus. The petition for the writ averred that the petitioner was imprisoned and restrained of his liberty by color of authority of the United States; that the sole claim and authority for his detention was a commitment issued by a United States commissioner; that the commitment was so issued in a certain proceeding instituted on behalf of the United States District Court for the Western District of New York, for

the removal of the petitioner to that district for trial, for the crime of using the mails of the United States with intent to defraud; that the petitioner did not commit the crime attempted to be charged in the indictment; that on April 24, 1924, the petitioner was, by artifice and physical violence, abducted and kidnapped from the city of Vancouver in the Dominion of Canada by certain officials of the United States; that the attorney for the petitioner, in Vancouver, had communicated the facts surrounding the abduction to the Department of Foreign Affairs at Ottawa, Canada; that the petitioner was informed and believed that the Canadian government was preparing to make a protest to the United States against the unlaw-. ful acts and removal of the petitioner from that country; and that the district attorney of the United States for the Western district of Washington planned to return the petitioner to the Western district of New York, without giving him an opportunity to present his case to the court, and without giving the Canadian government time or opportunity to protest against the removal of the petitioner from the Dominion of Canada.

The prayer of the petition was that a writ of habeas corpus issue; that the court fix a time for hearing, at some date subsequent to May 15, 1924; that in the meantime the petitioner be permitted to remain in the county jail of Whatcom county, unless admitted to bail by the court; that all proceedings for the removal of the petitioner from the Western district of Washington be stayed until a hearing was had; and for such other relief as might be just and proper in the premises. The petition was dated May 1, 1924. A copy of the commitment under which the petitioner was held was attached to the petition. From this it appeared that on April 25, 1924, the petitioner was required to give bond in the sum of $25,000 for his appearance before the United States commissioner on May 1, 1924, at the hour of 10 o'clock a. m., and from time to time as thereafter required, pending examination, and was committed to the jail of Whatcom county for failure to give such bond. On May 6, 1924, a writ of habeas corpus issued as prayed, returnable on the following day. The marshal made return that on May 1, 1924, the United States commissioner determined that there was probable cause to believe that the petitioner committed the offense charged in the exemplified copy of the indictment upon which the original warrant of arrest was predicated, and held him to abide the order

of the United States District Court for the Western District of Washington, committing him to the jail of Whatcom county in the meantime.

[1, 2] It will be seen from the foregoing that the petition raised no question as to the validity or sufficiency of the indictment, no question as to the identity of the accused or of probable cause, and no question as to the regularity of any hearing theretofore had, or as to the sufficiency of the testimony to support any order theretofore made. The writ of habeas corpus was sought for the sole purpose of preventing the removal of the appellant from the Western district of Washington to the Western district of New York without a hearing or an opportunity to be heard. Of course, there could be no removal without a hearing as a matter of law, and there was no attempt at removal without a hearing as a matter of fact. At the time the writ was applied for the petitioner was detained in the county jail in default of bail until a hearing could be had before the United States commissioner, and at the time of the hearing in the court below a hearing had already been had before the commissioner, and the appellant was detained to await a further hearing before the court below, pursuant to section 1014 of the Revised Statutes (Comp. St. § 1674).

For these reasons, if the petition stated any grounds for the issuance of the writ in the first instance, the writ had fully accomplished its purpose at the time of the hearing in the court below.

The judgment is therefore affirmed. Mandate forthwith.

ROSS, Circuit Judge (dissenting). I am unable to agree to the affirmance of the judgment appealed from dismissing the writ of habeas corpus. I understand the law to be well settled that, when a person is restrained of his liberty in any state to answer an indictment found against him in another state for a crime alleged to have been committed therein, and is taken before a court commissioner for an order of removal to answer the charge, while the indictment constitutes prima facie evidence of probable cause of his guilt, it is not conclusive, but, on the contrary, that the accused person is legally entitled to rebut that presumption, and to show, if he can, that he was not in the state when and where the crime charged against him is alleged to have been committed, that he is not in fact the person so indicted, or any other fact that he is able to show tending to overcome the prima facie

case made by the indictment of his probable guilt. See Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; In re Burkhardt (D. C.) 33 F. 25; Erwin v. U. S. (D. C.) 37 F. 470, 2 L. R. A. 229; U. S. v. Dana (D. C.) 68 F. 886; U. S. v. Karlin (D. C.) 85 F. 963; Price v. McCarty, 89 F. 84, 32 C. C. A. 162.

To make such showing against his removal the indicted party is obviously entitled to a hearing before the commissioner. I find in the record no evidence that the appellant in the present case had such hearing before the commissioner ordering his removal to the district of the state where the indictment against him is pending, although it is contended upon the part of his attorneys that he insisted both before the commissioner and before the court below upon such right. It is true that the record contains the return of the marshal to the writ of habeas corpus that was issued in the case, in which it is stated that the defendant to the indictment—the present appellant—"was taken before United States Commissioner F. W. Radley, at Bellingham, Wash., who on May 1, 1924, determined that there was probable cause to believe" that he committed the crime charged against him in the indictment that has been mentioned. For all that appears, such determination by the commissioner may have been made upon the prima facie evidence afforded by the indictment. It does not at all show, in my opinion, that the indicted party was given any hearing of any character against the application for his removal, which, as I understand the law, was essential and jurisdictional.