**UNITED STATES ex rel. SILBERSTEIN v. MATHUES, U. S. Marshal. UNITED STATES ex rel. POMERANTZ v. SAME. UNITED STATES ex rel. KLAWANSKY v. SAME.**

(District Court, E. D. Pennsylvania. May 13, 1926.)

Nos. 1602–1604.

1. **Criminal law �köm242(5)—In proceedings for removal of accused to another district for trial, indictment is only prima facie evidence of probable cause (Comp. St. § 1674).**

In removal proceedings under Comp. St. § 1674, an indictment is prima facie evidence of the existence of probable cause, but is not conclusive, and, if doubt is raised in any material aspect of the charge, it should be supported by proof aliunde.

2. **Criminal law ⊚⇒242(8)—Accused, arrested for removal to another district, and discharged by one commissioner after hearing, may not be charged before another on the same evidence (Comp. St. § 1674).**

The rule of comity, followed by courts of co-ordinate jurisdiction, applies as between United States commissioners, appointed under Comp. St. § 1674, and an accused, arrested for removal to another district for trial, discharged by one commissioner after hearing, in a fair exercise of his discretion, may not be taken before another for hearing on the same evidence.

Habeas Corpus. Several petitions, by one Silberstein, by one Pomerantz, and by one Klawansky, against one Mathues, United States Marshal, for writs of habeas corpus. Petitioners discharged.

Benjamin M. Golder, James F. Boylan, and B. D. Oliensis, all of Philadelphia, Pa., for plaintiffs.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendant.

THOMPSON, District Judge. An indictment was returned by the grand jury for the Eastern division of the Northern district of Ohio on March 15, 1926, charging 112 defendants, including the relators, with conspiring at various districts in the United States, including the district in which the indictment was returned, to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in manufacturing, possessing, keeping, bartering, selling, transporting, delivering, distributing, accepting, and receiving intoxicating liquor for beverage purposes. The relators were all arrested upon warrants issued, prior to the finding of the indictment, by Commissioner Manley, a commissioner of this court at Philadelphia, and,

upon arrest, were taken before Commissioner Long, also a commissioner of this court at Philadelphia, and entered bail for a hearing. Upon hearing, the district attorney, as to each relator, offered in evidence a certified copy of the indictment and called as a witness one Harry Volpe, charged in the indictment as a coconspirator, who identified the respective relators as being defendants named in the indictment, whereupon the prosecution rested.

Each of the three relators was then called, who denied on the witness stand all connection with the conspiracy and the acts charged against them, respectively, in the indictments. Witnesses were then called on behalf of the respective relators, who testified as to their good reputation as law-abiding citizens in the community. The government offered no evidence in rebuttal. Commissioner Long, after holding the case under advisement for the purpose of examination of the indictment, in order to inform himself of the nature of the charges against the respective relators, held that probable cause had not been established to make it appear to him that the relators had committed the offense charged against them, and on April 23, 1926, discharged them from custody.

Meanwhile, on April 9, 1926, a second affidavit for a warrant of arrest was sworn to and subscribed before Commissioner Manley, upon which a warrant was issued by Commissioner Manley on April 23, prior to the discharge of the defendants by Commissioner Long. Immediately after the discharge and before leaving the hearing room the United States attorney directed the marshal to arrest the three relators. Commissioner Manley, who was in the hearing room when the arrest was made, thereupon took bail for the appearance of the three relators on April 27. A hearing was had before Commissioner Manley, and the transcript of testimony taken before Commissioner Long was submitted as evidence before Commissioner Manley, who held the relators as probably guilty, and committed them to the custody of the United States marshal for commitment to the Philadelphia County Prison.

[1] Upon petitions of the relators, writs of habeas corpus were thereupon issued, and they were brought before me for hearing. No evidence was offered, except the returns of the respective commissioners, with the transcript of testimony taken before Commissioner Long, attached to the transcript of the proceedings before Commissioner Manley. It thus appears that the district attorney offered no evidence before Commissioner Man-

ley which had not been previously offered and ruled upon by Commissioner Long. He relied exclusively on the prima facie effect of the indictment and the identification of the relators as defendants named therein. While the indictment is prima facie evidence of existence of probable cause in removal proceedings under Comp. Stat. § 1674 (Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Green v. MacDougall, 199 U. S. 601, 26 S. Ct. 748, 50 L. Ed. 328; United States v. Campbell [D. C.] 179 F. 762), it is not conclusive, and, if doubt is raised in any material aspect of the charge, it should be supported by proof aliunde (In re Richter [D. C.] 100 F. 295).

[2] The course was entirely open to the prosecution to give evidence of a certain and definite character concerning the commission of the offense by the relators, in regard to their acts and the times and circumstances thereof, which facts and circumstances the relators, being thus informed, would then have been at liberty to contradict by witnesses, if they could. As the case stood before Commissioner Long, it was his duty to determine whether the proof taken as a whole was such as to afford good reason to believe that the offense was committed, and by the accused. If, in his judgment, the evidence on behalf of the accused was such as to overcome the prima facie effect of the indictment and the identity of the relators as charged therein, it was his duty to discharge them. Ex parte Jones (C. C.) 96 F. 200. If the commissioner holds a defendant, the court will not inquire into the merits of his decision, if he has had before him any competent legal evidence tending to incriminate the defendant on which to exercise his judgment. In re Cortes, 136 U. S. 330, 10 S. Ct. 1031, 34 L. Ed. 464.

Where, as in this case, the commissioner, upon the evidence already before him, states to the district attorney, before discharging a defendant, that the evidence is not sufficient in his opinion to hold him, the district attorney may, and should in the interest of orderly procedure, move for a further hearing to enable him to produce further evidence in support of the charge, provided such evidence is available. We have here, however, a situation in which, after discharge by Commissioner Long, without any apparent abuse of discretion upon his part, the relators were immediately rearrested while leaving the courtroom upon an information previously prepared and warrant previously issued, and required to face a hearing be-

fore Commissioner Manley on the identical evidence upon which they had been discharged.

The two commissioners are officers of the law, of co-ordinate jurisdiction, appointed by this court to exercise judicial functions under the provisions of section 1674, Comp. Stat., and the rule of comity followed by courts having co-ordinate jurisdiction should be strictly observed by them. Otherwise, there will be abuse of criminal process, and it will be made the instrument of oppression. It should not be open to the prosecution, after a hearing by one commissioner, before whom full opportunity has been afforded to present all the facts, and who, in the fair exercise of his discretion and in the absence of arbitrary conduct upon his part, has ordered the defendant's discharge, to bring the defendant before another commissioner upon the same state of facts. In re Wood (D. C.) 95 F. 288.

As was said in that case: "Where the hearing has been full and complete, the action of one commissioner in refusing to commit the defendant, unless such action has been arbitrary and in manifest disregard of his duty, ought not to be made the subject of review before a second commissioner." While the decision of a committing magistrate is not res adjudicata, ordinarily, in the absence of special circumstances (and no special circumstances appear here), the decision of any judicial officer having jurisdiction should be held to be conclusive on the same set of facts. United States v. Haas (D. C.) 167 F. 211; Ex parte Gagliardi (D. C.) 284 F. 190.

The district attorney urges that the present case is ruled by the decision of the Supreme Court in Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522. Examination of the facts in that case does not sustain that contention. There is no question raised in this case concerning the plenary power of the court in Ohio to adjudge the sufficiency of the indictment, or to pass finally upon the guilt or innocence of the accused, if they should be subsequently arrested and brought before that court to answer to the indictment. United States v. Haas, supra, which is similar to this case, was cited in Mr. Justice Sutherland's opinion, recognized as distinguishable from the Morse Case, and was not overruled.

Holding, as we do, that Commissioner Manley was without authority to overrule Commissioner Long's discharge of the relators, it is ordered that they be discharged.