## BEAVERS *v.* HENKEL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 535.   Argued March 9, 10, 1904.—Decided April 11, 1904.

Statutory provisions must be interpreted in the light of all that may be done under them. In all controversies, civil and criminal, between the Government and an individual, the latter is entitled to reasonable protection.

The Fifth Amendment is satisfied by one inquiry and adjudication, and an indictment found by the proper grand jury should be accepted anywhere within the United States as at least *prima facie* evidence of probable cause and sufficient basis for removal from the district where the person arrested is found to the district where the indictment was found.

The place where such inquiry must be had, and the decision of the grand jury obtained, is the locality in which by the Constitution and laws the final trial must be had.

On July 23, 1903, a grand jury of the Circuit Court of the United States for the Eastern District of New York found and returned an indictment under section 1781, Rev. Stat., charging George W. Beavers, an officer of the government of the United States, with having received money for procuring a contract with the government for the Edward J. Brandt-Dent Company. A warrant for the arrest of the official was issued to the marshal of the district and returned "not found." Thereupon a complaint supported by affidavit was filed in the District Court of the United States for the Southern District of New York, alleging the finding of the indictment, the issue

of the warrant, the return "not found," and that Beavers was within the Southern District of New York. Upon this complaint a warrant was issued, Beavers was arrested and brought before a commissioner. A hearing was had before that officer, and upon his report the District Judge of the Southern District signed an order of removal to the Eastern District. Before this order could be executed Beavers presented his petition to the Circuit Court of the United States for the Southern District of New York for a writ of *habeas corpus*. After a hearing thereon the application for discharge was denied, and thereupon an appeal was taken to this court.

*Mr. Max D. Steuer*, with whom *Mr. Bankson T. Morgan* and *Mr. William M. Seabury* were on the brief, for appellant:

When the defendant was arraigned it was the duty of the commissioner to inquire as to the identity of the accused, whether a crime had been committed, and whether there was probable cause to believe the defendant guilty of the crime charged.

Section 1014, Rev. Stat. establishes the practice of the State where the examination is held as the practice in conformity to which the examination must be conducted. Proceedings instituted thereunder are in all respects similar to criminal proceedings instituted before a committing magistrate in the State where the arrest is made and should be governed and controlled by the rules of procedure in force in the State where the arrest is made. *Re Dana*, 68 Fed. Rep. 886, 893; *United States* v. *Rundlett*, 2 Curt. 42; *United States* v. *Case*, 8 Blatchf. 251; *United States* v. *Horton*, 2 Dill. 94; *United States* v. *Brawner*, 7 Fed. Rep. 86, 90; *United States* v. *Martin*, 17 Fed. Rep. 150, 156; *Re Burkhardt*, 33 Fed. Rep. 25, 26; *United States* v. *Greene*, 100 Fed. Rep. 941.

See as to procedure in New York, §§ 188, 194, 195, 201, 207, New York Code Criminal Procedure.

Authority to issue *subpœnas duces tecum* is conferred upon committing magistrates by § 613.

From these provisions of the state code it appears that it is the duty of the committing magistrate to determine *for himself* whether or not a crime has been committed, and whether, from the evidence adduced before him, there is sufficient cause to believe the defendant guilty thereof.

For history and growth of these provisions, see *In re Dana,* 68 Fed. Rep. 886, 894, and cases cited.

In *United States* v. *Greene,* 100 Fed. Rep. 941; 108 Fed. Rep. 816, it was held that an indictment was not conclusive evidence of the fact stated therein, even though indorsed with the names of witnesses, and in *Green* v. *Henkel,* 183 U. S. 241, no doubt was suggested by this court as to the correctness of these views. Since those decisions an attempt was made to have Congress amend the law so as to provide that a certified copy of an indictment should of itself be competent and sufficient evidence to justify a removal.

The proposed amendment was at the time extensively commented upon and public hearings were had, and after full investigation and discussion Congress refused to make the proposed amendment. *Congressional Record,* April and May, 1900; *New York Law Journal,* April 28, 1900; *New York Evening Post,* April 24, 1900; *New York Sun,* April 25, 1900, May 4 and 5, 1900; *New York Times,* May 7, 1900.

The effort of the Government in this case is to effect a change in the law by judicial construction which the legislative branch of the Government deliberately refused to make.

As to *Alexander's Case,* 1 Lowell's Dec. 530, holding that an indictment was evidence outside of the jurisdiction where it was found, see *contra, United States* v. *Pope,* 24 U. S. Int. Rev. Rec. 29.

And as to this point see *United States* v. *Haskins,* 3 Saw. 265; *Ex parte Clark,* 2 Ben. 540; *United States* v. *Dana,* 68 Fed. Rep. 886; *United States* v. *Rogers,* 23 Fed. Rep. 658; *United States* v. *Fowkes,* 49 Fed. Rep. 50; *In re Buell,* 3 Dill. 120; Opinions of Miller and Love, JJ., in 1 Wool. C. C. 423.

No statutory provision exists making a copy of an indict-

ment evidence in another jurisdiction and until such statute is passed it is not evidence. *Ex parte Bollman,* 4 Cranch, 75.

As to the minutes of the grand jury which found the indictment where the disclosure is necessary to protect the rights of the accused they are open to judicial inquiry. *United States* v. *Coolidge,* 2 Gall. 363; *Burdick* v. *Hunt,* 43 Indiana, 381; *Low's Case,* 4 Greenl. 439; *Hunter* v. *Randall,* 69 Maine, 183.

In New York and other States a defendant may be entitled to an inspection of the minutes of the grand jury in a proper case, even when he contends that the evidence on which the indictment was found is insufficient in law to sustain it. The fact that the defendant was indicted without preliminary examination is a strong inducement to the court to look with favor on such an application. *People* v. *Molineux,* 27 App. Div. 60; *People* v. *Naughton,* 38 How. Pr. 430; *People* v. *Bellows,* 1 How. Pr. (N. S.) 149; *State* v. *Broughton,* 7 Ired. 96; *State* v. *Horton,* 63 N. Car. 595; *United States* v. *Reed,* 2 Blatchf. 435; *People* v. *Northey,* 77 California, 634.

As to effect of evidence before grand jury, see *People* v. *Ristenblatt,* 1 Abb. Rep. 268; *People* v. *Strong,* 1 Abb. N. S. 241; *United States* v. *Kilpatrick,* 16 Fed. Rep. 765; 1 Whart. Cr. L. § 493; *In re Woods,* 95 Fed. Rep. 288.

The alleged hearing accorded to the defendant was a mockery and a sham. Every rule and principle of evidence and justice was violated. The indictment, unindorsed as it was with the name of a single witness, was held to be conclusive evidence against the accused.

The defendant is entitled to have the most favorable inferences drawn from the refusal of the commissioner to allow the questions propounded to be answered. Having offered in good faith to establish facts before the commissioner, and having been denied an opportunity, he is entitled before an appellate tribunal to the presumption that such facts exist. *Scotland County* v. *Hill,* 112 U. S. 186; *Powell* v. *Pen,* 127 U. S. 688; *Rockefeller* v. *Merritt,* 76 Fed. Rep. 914; *Ankeny* v. *Clark,* 148 U. S. 355.

The conduct of the prosecution in preventing the introduction of the primary evidence shown to be conveniently accessible, and the rulings of the commissioner in support thereof, create a presumption that the testimony of the witnesses, if produced, would have been favorable to the accused. *Tayloe* v. *Riggs,* 1 Pet. 591; *Hughes' Case,* 2 East. P. C. 1002; Greenleaf on Ev. § 82.

The indictment cannot be regarded as equivalent to an affidavit of the facts alleged therein.

An affidavit or complaint entirely upon information and belief, without properly setting forth the sources of the affiant's knowledge and the grounds for his belief, is insufficient. *Re Blum,* 9 App. Div. 571; *Blodgett* v. *Race,* 18 Hun, 131; *Blythe* v. *Tompkins,* 2 Abb. Pr. 468; *People* v. *Cramer,* 22 App. Div. 129; *Comfort* v. *Fulton,* 13 Abb. Pr. 276; *United States* v. *Sapinkow,* 90 Fed. Rep. 654; *Ex parte Hart,* 63 Fed. Rep. 249; *Re Commissioners,* 3 Woods, 502; *United States* v. *Burr,* 2 Wheel. Cr. Cases, 573; *United States* v. *Collins,* 79 Fed. Rep. 65; *Johnson* v. *United States,* 87 Fed. Rep. 187; *United States* v. *Polite,* 55 Fed. Rep. 59; *Ex parte Dimoning,* 74 California, 164.

Even if evidence had been presented before the commissioner, the fact that the petition for the writ alleged that the accused was not within the Federal district where and when the crime charged in the indictment is alleged to have been committed in itself entitled the petitioner to the writ of *habeas corpus* as a matter of right.

Upon probable cause being shown, the writ of *habeas corpus* cannot be denied the petitioner, for it then becomes a constitutional right. Rev. Stat. § 755; Church on *Habeas Corpus,* § 94; Hurd on *Habeas Corpus,* 2d ed. 204; *Ex parte Des Rochers,* 1 McAll. 86; *In re Winder,* Fed. Cas. No. 17,867.; *Ex parte Early,* 3 Ohio Dec. 105; *Ex parte Campbell,* 20 Alabama, 89; *Nash* v. *People,* 36 N. Y. 607.

If facts are duly alleged in a duly verified petition for a writ of *habeas corpus,* they may be regarded as true, even after the

granting of the writ and a return thereto, unless denied by the return or controlled by other evidence. *Whitten v. Tomlinson,* 160 U. S. 242; *Kohl v. Lehlback,* 160 U. S. 292; *Cuddy, Petitioner,* 131 U. S. 280. *A fortiori* the allegation should be regarded as true before the issuance of the writ.

The defendant could only be tried in the district wherein the crime was committed. Amendment 6, U. S. Const. The place of the commission of the offense is for the purpose of the preliminary hearing a jurisdictional fact and might be controverted upon *habeas corpus* proceedings, even though such a jurisdictional fact had been previously established by a final judgment of a court of general jurisdiction. *Noble* v. *Union River Logging Co.,* 147 U. S. 165, 173; *Scott* v. *McNeal,* 154 U. S. 534; *Roderigas* v. *East River Savings Inst.,* 63 N. Y. 460, 464; *People* v. *Board of Health,* 140 N. Y. 1; *Miller* v. *Amsterdam,* 149 N. Y. 288; *McLeon* v. *Jephson,* 123 N. Y. 142; *Neilson, Petitioner,* 131 U. S. 176, 182; *Ex parte Lange,* 18 Wall. 163; *Ex parte Siebold,* 100 U. S. 371.

The commissioner in proceedings under section 1014 does not hold a "court," *Todd* v. *United States,* 158 U. S. 278, nor is he in the constitutional sense a juage, *Rice* v. *Ames,* 180 U. S. 371, 378. He is a mere ministerial officer upon whom, while acting as a committing magistrate in such proceedings, is imposed the exercise of duties which are judicial in character. *United States* v. *Schumann,* 2 Abb. U. S. Reps. 523; *United States* v. *Jones,* 134 U. S. 483; *United States* v. *Erwing,* 140 U. S. 142; *Re Ellerbe,* 13 Fed. Rep. 530; *In re Mason,* 43 Fed. Rep. 510; *Ex parte Perkins,* 29 Fed. Rep. 900; *In re Perkins,* 100 Fed. Rep. 953; *United States v. Hughes,* 70 Fed. Rep. 972. He cannot punish for a contempt committed in his presence. *Ex parte Perkins,* 29 Fed. Rep. 900; *Re Mason,* 43 Fed. Rep. 510. And see *Ex parte Dole,* 7 Phila. 595; *United States* v. *Allred,* 155 U. S. 595; Black on Judgments, § 283; *People* v. *Schuyler,* 69 N. Y. 242, 247.

In case of courts martial and delinquency courts and other tribunals of limited and inferior jurisdiction, whether the rec-

ords recite jurisdictional facts or not, their judgments are open to impeachment by extrinsic evidence, showing want of jurisdiction. *People ex rel. Frey* v. *Warden,* 100 N. Y. 20, 26; *Adams* v. *S. & W. R. R. Co.,* 10 N. Y. 328; *Mills* v. *Martin,* 19 Johns. 7; *People* v. *Cassells,* 5 Hill, 164; Greenleaf on Evidence, 470; *Ex parte Watkins,* 3 Pet. 207; *Hardin* v. *Jordan,* 140 U. S. 401.

The legal effect of a warrant issued by the chief executive of a State in an interstate rendition proceeding is that it is but *prima facie* sufficient to hold the accused, and the jurisdictional facts recited in such warrant are subject to be rebutted by proof on *habeas corpus. Cockran* v. *Hyatt,* 188 U. S. 691, 711; *Robb* v. *Connolly,* 111 U. S. 624; *People ex rel. Cockran* v. *Hyatt,* 172 N. Y. 176; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *Ex parte Todd,* 57 L. R. A. 566; *Matter of Cook,* 49 Fed. Rep. 823; *Ex parte Hart,* 63 Fed. Rep. 260; *Work* v. *Connington,* 34 Ohio St. 64; *Matter of Manchester,* 5 California, 237; 15 Am. & Eng. Ency. of Law (2d ed.), 204. Whether or not the accused committed the acts complained of while actually present within the demanding State, is jurisdictional, and it is competent in such cases to show in *habeas corpus* proceedings by parol evidence that the accused was not within the demanding State when the alleged acts were committed, however regular the extradition papers may be. *In re Mohr,* 73 Alabama, 508; *Wilcox* v. *Nolze,* 34 Ohio St. 320; *Hartman* v. *Aveline,* 63 Indiana, 344; *Jones* v. *Leonard,* 50 Iowa, 106; *Hibler* v. *The State,* 43 Texas, 197.

The accused did not waive his right to raise this question by writ by reason of failure to offer such proof before the commissioner. The question of the jurisdiction of the court may be raised at any stage of a criminal proceeding in the same or in another tribunal. It is never waived by a defendant, and he is not barred from raising it, even because of negligence or delay. Bishop's New Cr. Proc. § 316, par. 2; Hughes' Cr. L. Proc. § 2509; *United States* v. *Rogers,* 23 Fed. Rep. 658; *United States* v. *Crawford,* 47 Fed. Rep. 566; *Dred Scott* v. *Sandford,* 19

How. 402; *In re Webb,* 89 Wisconsin, 354; *Mexican Bank* v. *Davidson,* 157 U. S. 208.

*Mr. Assistant Attorney General Purdy* for the appellee:

A writ of *habeas corpus* and certiorari ancillary thereto cannot be used to perform the office of a writ of error. *Ornelas* v. *Ruiz,* 161 U. S. 502; *Terlinden* v. *Ames,* 184 U. S. 270; *Wright* v. *Henkel,* 190 U. S. 40, 57; *Greene* v. *Henkel,* 183 U. S. 249.

A writ of certiorari does not enlarge the office of a writ of *habeas corpus,* but is employed in connection with such writ in order that the court may ascertain from the record whether *jurisdictional questions* have been disregarded, and the defendant is restrained of his liberty without due process of law. *Ex parte Lang,* 18 Wall. 163; *Ex parte Virginia,* 100 U. S. 339.

The indictment sufficiently charges the defendant with the commission of a crime against the United States under § 1781, Rev. Stat.

The complaint made before the United States Commissioner was based entirely upon information and belief, and contained proper allegations showing the sources of information and the grounds of complainant's belief. *Rice* v. *Ames,* 180 U. S. 371, 374.

Section 1014, Rev. Stat., when properly construed, is intended, in case of indictment, to furnish the Government a convenient and summary method of securing the appearance of the defendant before the United States court in which the indictment was found. *In re Ellerbe,* 13 Fed. Rep. 530; *United States* v. *Yarbrough,* 122 Fed. Rep. 293; *Greene* v. *Henkel,* 183 U. S. 258.

If in a proceeding under § 1014, the defendant after indictment is entitled to a preliminary examination for the purpose of establishing probable cause, a certified copy of the indictment and proof of identity of the defendant, are sufficient to make out a *prima facie* case sufficient to sustain a finding of the Commissioner of the existence of probable cause. *In re*

*Dana,* 68 Fed. Rep. 891; *United States* v. *Greene,* 100 Fed. Rep. 941; *United States* v. *Greene,* 108 Fed. Rep. 816; *Bryant* v. *United States,* 167 U. S. 104; *Otieza* v. *Jacobus,* 136 U. S. 330; *Horner* v. *United States,* 143 U. S. 207; *In re Wood,* 95 Fed. Rep. 288; *Price* v. *McCarthy,* 32 C. C. A. 162; *S. C.,* 89 Fed. Rep. 84.

In the case at bar the Government has followed a practice well recognized for many years by the Federal courts in nearly every district in the United States, and while it may be that if it is once admitted that in *all* proceedings under § 1014 the defendant is entitled to *a preliminary examination for the purpose of establishing probable cause,* that the defendant would be entitled as of right to introduce evidence bearing upon such question, it is sufficient to say that in the case at bar *the appellant did not avail himself of such opportunity* in any direct and proper manner.

A certified copy of the indictment and proof of identity are sufficient to establish probable cause, and authorize a warrant of removal. See *United States* v. *Aaron Burr,* Fed. Cas. No. 14,692; *United States* v. *Newcomber,* Fed. Cas. No. 15,869; *In re Clark,* Fed. Cas. No. 2797; *In re Bailey,* Fed. Cas. No. 730; *United States* v. *Jacobi,* Fed. Cas. No. 15,460; *United States* v. *Shepard,* Fed. Cas. No. 16,273; *In re Alexander,* Fed. Cas. No. 162; *United States* v. *Hendricks,* Fed. Cas. No. 15,313; *In re Buell,* Fed. Cas. No. 2102; *United States* v. *Pope,* Fed. Cas. No. 16,069; *In re Doig,* 4 Fed. Rep. 193; *In re Ellerbe,* 13 Fed. Rep. 530; *United States* v. *Rogers,* 23 Fed. Rep. 658; *United States* v. *White,* 25 Fed. Rep. 716; *In re Wolf,* 27 Fed. Rep. 606; *In re Graves,* 29 Fed. Rep. 66; *United States* v. *Fokes,* 53 Fed. Rep. 13; *S. C.,* 49 Fed. Rep. 50; *In re Beshears,* 79 Fed. Rep. 70; *United States* v. *Lee,* 84 Fed. Rep. 626; *In re Belknap,* 96 Fed. Rep. 614; *In re Richter,* 100 Fed. Rep. 295; *Greene* v. *Henkel,* 183 U. S. 249; *United States* v. *Yarbrough,* 122 Fed. Rep. 293.

A certified copy of the indictment, together with proof of identity of the defendant having been offered by the Government, a *prima facie* case of probable cause was established and

the finding of the Commissioner upon this question is not subject to review on a writ of *habeas corpus*. *Greene* v. *Henkel*, 183 U. S. 249, 261.

The appellant upon the hearing before the Commissioner did not offer any competent evidence to rebut the case presented by the Government. The appellant's whole contention before the Commissioner was directed toward an effort to prove that the proceedings before the grand jury which returned the indictment were illegal and void, and that consequently no valid indictment had in fact been returned against George W. Beavers. A brief examination of the record will clearly disclose this fact.

A magistrate, acting pursuant to § 1014, Rev. Stat., is justified in treating the instrument as an indictment found by a competent grand jury, and is not compelled or authorized to go into evidence which may show or tend to show violations of the United States statutes in the drawing of the jurors composing the grand jury which found the indictment. *Greene* v. *Henkel*, 183 U. S. 249.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

This case turns upon the efficacy of an indictment in removal proceedings. The government offered no other evidence of petitioner's guilt. His counsel state in their brief:

"The controlling questions to be discussed on this appeal are whether the indictment offered in evidence before the commissioner can be regarded as conclusive evidence against the accused of the facts therein alleged; whether it was competent at all as evidence of such facts, and whether such indictment was entitled to be accorded any probative force whatever."

At the outset it is well to note that this is not a case of extradition. There was no proposed surrender of petitioner by the United States to the jurisdiction of a foreign nation, no abandonment of the duty of protection which the nation owes to all

within its territory. There was not even the qualified extradition which arises when one State within the Union surrenders to another an alleged fugitive from its justice. There was simply an effort on the part of the United States to subject a citizen found within its territory to trial before one of its own courts. The locality in which an offense is charged to have been committed determines under the Constitution and laws the place and court of trial. And the question is what steps are necessary to bring the alleged offender to that place and before that court.

Obviously very different considerations are applicable to the two cases. In an extradition the nation surrendering relies for future protection of the alleged offender upon the good faith of the nation to which the surrender is made, while here the full protecting power of the United States is continued after the removal from the place of arrest to the place of trial. It may be conceded that no such removal should be summarily and arbitrarily made. There are risks and burdens attending it which ought not to be needlessly cast upon any individual. These may not be serious in a removal from New York to Brooklyn, but might be if the removal was from San Francisco to New York. And statutory provisions must be interpreted in the light of all that may be done under them. We must never forget that in all controversies, civil or criminal, between the government and an individual the latter is entitled to reasonable protection. Such seems to have been the purpose of Congress in enacting section 1014, Rev. Stat., which requires that the order of removal be issued by the judge of the district in which the defendant is arrested. In other words, the removal is made a judicial rather than a mere ministerial act.

In the light of these considerations we pass to an inquiry into the special matters here presented. Article 5 of the amendments to the Constitution provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces,

or in the militia, when in actual service in time of war or public danger."

While many States in the exercise of their undoubted sovereignty, *Hurtado* v. *California,* 110 U. S. 516, have provided for trials of criminal offenses upon information filed by the prosecuting officer and without any previous inquiry or action by a grand jury, the national Constitution, in its solicitude for the protection of the individual, requires an indictment as a prerequisite to a trial. The grand jury is a body known to the common law, to which is committed the duty of inquiring whether there be probable cause to believe the defendant guilty of the offense charged. Blackstone says (vol. 4, p. 303):

"This grand jury are previously instructed in the articles of their inquiry, by a charge from the judge who presides upon the bench. They then withdraw, to sit and receive indictments, which are preferred to them in the name of the king, but at the suit of any private prosecutor; and they are only to hear evidence on behalf of the prosecution; for the finding of an indictment is only in the nature of an inquiry or accusation, which is afterwards to be tried and determined; and the grand jury are only to inquire, upon their oaths, whether there be sufficient cause to call upon the party to answer it. A grand jury, however, ought to be thoroughly persuaded of the truth of an indictment, so far as their evidence goes; and not to rest satisfied merely with remote probabilities: a doctrine that might be applied to very oppressive purposes."

The thought is that no one shall be subjected to the burden and expense of a trial until there has been a prior inquiry and adjudication by a responsible tribunal that there is probable cause to believe him guilty. But the Constitution does not require two such inquiries and adjudications. The government, having once satisfied the provision for an inquiry and obtained an adjudication by the proper tribunal of the existence of probable cause, ought to be able without further litigation concerning that fact to bring the party charged into

court for trial. The existence of probable cause is not made more certain by two inquiries and two indictments. Within the spirit of the rule of giving full effect to the records and judicial proceedings of other courts, an indictment, found by the proper grand jury, should be accepted everywhere through the United States as at least *prima facie* evidence of the existence of probable cause. And the place where such inquiry must be had and the decision of a grand jury obtained is the locality in which by the Constitution and laws the final trial must be had.

While the indictment is *prima facie* evidence it is urged that there are substantial reasons why it should not be regarded as conclusive. An investigation before the grand jury, it is said, is generally *ex parte*—although sometimes witnesses in behalf of the defendant are heard by it—and the conclusion of such *ex parte* inquiry ought not to preclude the defendant from every defence, even the one that he was never within the State or district in which the crime is charged to have been committed, or authorize the government to summarily arrest him wherever he may be found, transport him perhaps far away from his home and subject him among strangers to the difficulties and expense of making his defence. It is unnecessary to definitely determine this question. It is sufficient for this case to decide, as we do, that the indictment is *prima facie* evidence of the existence of probable cause. This is not in conflict with the views expressed by this court in *Greene v. Henkel*, 183 U. S. 249. There it appeared that after an indictment had been found by a grand jury of the United States District Court for the Southern District of Georgia the defendants were arrested in New York; that on a hearing before the commissioner he ruled that the indictment was conclusive evidence of the existence of probable cause, and declined to hear any testimony offered by the defendants. Upon an application to the district judge in New York for a removal he held that the indictment was not conclusive, and sent the case back to the commissioner. Thereupon testimony was offered

before the commissioner, who found that there was probable
cause to believe the defendants guilty, and upon his report the
district judge ordered a removal. We held that under the
circumstances it was not necessary to determine the suffi-
ciency of the indictment as evidence of the existence of proba-
ble cause, and that as the district judge found that probable
cause was shown, it was enough to justify a removal.

It is further contended that—

"There was no jurisdiction to apprehend the accused, be-
cause the complaint on removal was jurisdictionally defective,
in that it was made entirely upon information, without alleging
a sufficient or competent source of the affiant's information
and ground for his belief, and without assigning any reason
why the affidavit of the person or persons having knowledge
of the facts alleged was not secured."

This contention cannot be sustained. The complaint al-
leges on information and belief that Beavers was an officer of
the government of the United States in the office of the First
Assistant-Postmaster General of the United States; that as
such officer he was charged with the consideration of allowances
for expenditures and with the procuring of contracts with and
from persons proposing to furnish supplies to the said Post
Office Department; that he made a fraudulent agreement with
the Edward J. Brandt-Dent Company for the purchase of
automatic cashiers for the Post Office Department and re-
ceived pay therefor; that an indictment had been found by the
grand jury of the Eastern District, a warrant issued and re-
turned "not found," and that the defendant was within the
Southern District of New York. This complaint was supported
by affidavit, in which it was said:

"Deponent further says that the sources of his information
are the official documents with reference to the making of the
said contract and the said transactions on file in the records of
the United States of America and in the Post Office Depart-
ment thereof and letters and communications from the Edward
J. Brandt-Dent Company with reference to the said contract,

and from the indictment, a certified copy of which is referred to in said affidavit as Exhibit A, and the bench warrant therein referred to as Exhibit B, and from personal conversations with the parties who had the various transactions with the said George W. Beavers in relation thereto; and that his information as to the whereabouts of the said George W. Beavers is derived from a conversation had with the said George W. Beavers in said Southern District of New York in the past few days and from the certificate of the United States marshal for the Eastern District of New York, endorsed on said warrant."

This disclosure of the sources of information was sufficient. In *Rice* v. *Ames*, 180 U. S. 371, a case of extradition to a foreign country in which the complaint was made upon information and belief, we said (p. 375):

"If the officer of the foreign government has no personal knowledge of the facts, he may with entire propriety make the complaint upon information and belief, stating the sources of his information and the grounds of his belief, and annexing to the complaint a properly certified copy of any indictment or equivalent proceeding, which may have been found in the foreign country, or a copy of the depositions of witnesses having actual knowledge of the facts, taken under the treaty and act of Congress. This will afford ample authority to the commissioner for issuing the warrant."

The indictment alone was, as we have seen, a showing of probable cause sufficient to justify the issue of a warrant.

With reference to other questions we remark that, so far as respects technical objections, the sufficiency of the indictment is to be determined by the court in which it was found and is not a matter of inquiry in removal proceedings, (*Greene* v. *Henkel, supra,*) that the defendant has there no right to an investigation of the proceedings before the grand jury, or an inquiry concerning what testimony was presented to or what witnesses were heard by that body. In other words, he may not impeach an indictment by evidence tending to show that the grand jury did not have testimony before it sufficient to

justify its action. Such seems to have been the purpose of most, if not all, of the testimony offered by the petitioner in this case. As his counsel stated ·during the progress of the examination before the commissioner: "We hold that we have, an absolute right in a proper proceeding to expose what took place before the grand jury. We don't do it at all in order to make a disclosure of what transpired before a secret body. We do propose to show what transpired before that grand jury so as to show that there was not any evidence upon which that body could have found an indictment, a legal, valid, lawful indictment, against George W. Beavers. We have no other purpose in calling this witness or any other witness who appeared before the grand jury." But the sufficiency of an indictment as evidence of probable cause in removal proceedings cannot be impeached (if impeachable at all) in any such manner. Neither can a defendant in this way ascertain what testimony the government may have against him and thus prepare the way for his defence. There are no other questions that seem to us to require notice.

We see no error in the record, and the judgment is

*Affirmed.*