# FARR v. PALMER.*

EXTRADITION; REMOVAL; PROBABLE CAUSE.

1, An indictment presented in a court having jurisdiction of the offense charged is a showing of probable cause sufficient to justify the issue of a warrant for the removal of the accused, and, so far as respects technical objections, the sufficiency of the indictment is to be determined by the trial court, and is not a subject of inquiry in the removal proceedings.

2. The removal of a party indicted in a United States court in another jurisdiction for violating § 5480, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3696), by using the mails to defraud, from this jurisdiction to the jurisdiction where the indictment was found, can be refused only where, upon a broad and liberal construction of the indictment, it clearly appears that no offense against the United States is charged in the indictment.

3. The charges in an indictment for the fraudulent use of the mails in violation of § 5480, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3696), in selling bogus degrees of a law college not a bona fide institution, *reviewed* and, liberally construed, *held* sufficient to justify the removal of the accused from this jurisdiction for trial in the jurisdiction where the indictment was found.

No. 1441.   Submitted October 13, 1904.   Decided November 1, 1904.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia overruling his demurrer to a return to a petition for the writ of habeas corpus, discharging the writ and remanding the petitioner to custody.

*Affirmed.*

The COURT in the opinion stated the case as follows:

The appellant, William Farr, was brought before a United States Commissioner for the District of Columbia, on Novem-

*\*Extradition.—As to papers necessary to obtain surrender of fugitive from another State, including sufficiency of indictment to justify surrender, see editorial note to Ex parte Hart, 28 L. R. A. 801.*

ber 30, 1903, and was committed to the custody of the appellee, as marshal, to await the issue of a warrant for his removal to the middle district of the State of Tennessee for trial in the United States circuit court therefor. He obtained a writ of habeas corpus from one of the justices of the supreme court.

On hearing, his demurrer to the return was overruled, the writ discharged, and an order made remanding him to custody, from which he has appealed.

The proof of the identity of the accused was unquestioned, and a copy of the indictment found against him was held by the commissioner to be evidence of probable cause sufficient to justify the issue of the warrant.

The indictment presented in the United States circuit court for the middle district of Tennessee charged the appellant with the violation of § 5480, Rev. Stat. (U. S. Comp. Stat. 1901, p. 3696), as amended, through the use of the Postoffice establishment of the United States in the prosecution of a scheme to defraud. This indictment contains two counts. The first charges that the defendant, doing business under the name and style of Dean of the Nashville College of Law, deposited in the postoffice of Nashville, on July 10, 1903, a letter addressed to William Dietrich, at Cleveland, Ohio. The substance of this letter, which was set out in full, is that, in accordance with the time-honored custom the Nashville College of Law will confer the honorary degree of Doctor of Laws upon some worthy educator and jurist of his, the said Dietrich's, State; that his name had been suggested as one worthy of the distinction; that no fee will be charged except for the cost of issuing a diploma upon carefully prepared parchment suitable for framing; that said Dietrich is requested to fill out the inclosed blank with certain *data* and return the same with a check for $10 to cover the cost of the diploma. Several paragraphs follow, stating, at length, the lofty character and aims of the institution; and a postscript states that the board of trustees will meet in about 10 days, and that the "record of *data*" should be received in advance of that time.

It is further charged that advertisements and circulars were

mailed at the same time, representing the establishment of the Nashville College of Law as a bona fide institution for the education of law students, conferring of degrees, etc., and containing a list of the names of certain officers and trustees; and further, that the trustees met in regular session and passed upon the *data* furnished for their action.

These representations were charged to be false and fraudulent, in this, that said college was not a bona fide institution as represented; did not have the officers as represented; did not have a board of trustees, and that no sessions of trustees were held for conferring honorary degrees; that the diploma issued to said Dietrich was based on no *data* and had not been passed or authorized by any board of trustees; that it was not of parchment, and did not cost $10, but a sum unknown that was far less. It was further charged that the representations were made with the intent to deceive and defraud said Dietrich, who, incited and influenced by the same, sent a letter to said Farr with a money order for $10 which the latter received through the postoffice.

The second count repeats the general charges of the first, with some additional representations relating to the good character of the Nashville College of Law, the number of its students, etc., and concludes with the denial of their truth, and the charge that they were made to defraud, etc.

*Mr. C. C. Cole, Mr. R. Golden Donaldson,* and *Mr. R. S. Huidekoper,* for the appellant:

1. The alleged scheme attempted to be set forth in the indictment is not a fraudulent scheme within the meaning and contemplation of the statute. *Bass* v. *United States,* 20 App. D. C. 237; *United States* v. *Staples,* 45 Fed. 195; *The American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94. See also *United States* v. *Owens,* 17 Fed. 72; *United States* v. *Post,* 128 Fed. 550; *United States* v. *Fay,* 83 Fed. 839; *O'Neil* v. *United States,* 120 Fed. 236; *United States* v. *Smith,* 45 Fed. 561; *Burrow* v. *State,* 12 Ark. 65; *Milby* v. *United States,* 109 Fed. 638; *United States* v. *Finney,* 45 Fed. 41.

2. The allegations of the indictment are so vague, uncertain, and defective that the indictment should be quashed upon motion.  *Stokes* v. *United States,* 157 U. S. 187; *United States* v. *Long,* 68 Fed. 348; *United States* v. *Harris,* 68 Fed. 347; *United States* v. *Smith,* 45 Fed. 561; *State* v. *Paul,* 69 Me. 215; *United States* v. *Hess,* 124 U. S. 483; *Pettibone* v. *United States,* 148 U. S. 197–202; *United States* v. *Cruikshank,* 92 U. S. 542; *United States* v. *Britton,* 108 U. S. 199; *United States* v. *Carll,* 105 U. S. 611; *Blitz* v. *United States,* 153 U. S. 308; *Ledbetter* v. *United States,* 170 U. S. 610; *Keck* v. *United States,* 172 U. S. 434; *Ainsworth* v. *United States,* 1 App. D. C. 518; *United States* v. *Watson,* 17 Fed. 145; *Baker* v. *State,* 14 Tex. App. 333; *White* v. *State,* 3 Tex. App. 605; *Langford* v. *State,* 45 Ala. 26; *Light & Power Co.* v. *Lefever,* 93 Tex. 607.

3. Where no other evidence than a copy of the indictment is presented against a defendant proceeded against under § 1014 of the Revised Statutes of the United States for his removal to a district other than the one wherein he is arrested, if the indictment charges no offense, or if it is so defective that it would be quashed upon motion, the party should be discharged.  *Re Palliser,* 136 U. S. 257; *Horner* v. *United States,* 143 U. S. 207; *Stewart* v. *United States,* 119 Fed. 89.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant United States Attorney, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

We are of the opinion that there was no error in dismissing the petition.  It is well settled that an indictment presented in a court having jurisdiction of the offense is a showing of probable cause sufficient to justify the issue of the warrant for the removal of the accused, and that, "so far as respects technical objections, the sufficiency of the indictment is to be determined by the court in which it was found, and is not a matter of inquiry in removal proceedings."  *Beavers* v. *Henkel,* 194 U. S. 73, 87, 48 L. ed. 882, 887, 24 Sup. Ct. Rep. 605.

In such proceedings, the only objection that can be entertained to the sufficiency of the indictment is, that it fails to charge the commission of any offense against the United States, for in that event there would be no jurisdiction to make the order. *Greene* v. *Henkel,* 183 U. S. 249, 261, 46 L. ed. 177, 189, 22 Sup. Ct. Rep. 218; *Beavers* v. *Henkel,* 194 U. S. 73, 87, 48 L. ed. 882, 887, 24 Sup. Ct. Rep. 605.

The removal of the accused can be properly refused in those cases only, where, upon a broad and liberal construction of the indictment, it appears clearly that no offense has been charged. The necessary elements of the offense defined in § 5480, Rev. Stat. (U. S. Comp. Stat. 1901, p. 3696), as amended, are: (1) A scheme or artifice to defraud; (2) the opening of correspondence with some person through the postoffice establishment, or by inciting such other person to open such communication; (3) in execution of the scheme the accused must have deposited a letter or packet in the postoffice, or taken or received one therefrom. *Stokes* v. *United States,* 157 U. S. 187, 188, 39 L. ed. 667, 668, 15 Sup. Ct. Rep. 617.

In view of our conclusion, and having given in the preliminary statement a brief synopsis of the substantial charges of the indictment, we regard it as unnecessary to review the several objections that have been made and vigorously argued on behalf of the appellant. Forceful as some of these seem to be, we regard them as technical rather than substantial, and, therefore, for the exclusive consideration of the court before which the trial must be had. We think it sufficient to say that, for the purposes of removal for trial in that court, the charges of the indictment, liberally construed, tend to establish an offense within the scope and meaning of the statute.

It follows that the order discharging the writ and remanding the petitioner to await the warrant of removal must be *affirmed; and it is so ordered, with costs.*

A writ of error to the Supreme Court of the United States was refused November 15, 1904.