Ex parte RYAN et al.

(Circuit Court, S. D. New York. April 19, 1907.)

CRIMINAL LAW—REMOVAL TO ANOTHER FEDERAL DISTRICT—PROCEEDINGS.

In proceedings for the removal of a person charged with a criminal offense from one federal district to another for trial, the filing of a properly certified copy of the indictment makes a prima facie case for the government, which is not overcome by a bare denial under oath by the accused that he committed the offense charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 510.]

On Applications for Writs of Habeas Corpus and Certiorari.

The district judge has held petitioners for trial and has issued a warrant for their removal from the Southern District to the Eastern District of New York under section 1014, U. S. Rev. St. [U. S. Comp. St. 1901, p. 716]. They were indicted in the Eastern District for offenses under the "green goods" section; the overt acts charged being the causing of certain letters to be mailed

Wm. Michael Byrne, for the petitioners.

Henry L. Stimson, U. S. Atty., opposed.

LACOMBE, Circuit Judge. In Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882, it was held that the filing of properly certified copy of the indictment made out a prima facie case for the government. I do not understand that Tinsley v. Treat (U. S. S. C. March 4, 1907), 27 Sup. Ct. 430, 51 L. Ed. ——, has in any way modified that ruling. It holds simply that defendants should be allowed if they so desire to put in evidence to overcome the prima facie case. The only evidence which has been put in here is that of the accused persons who in response to leading questions have stated under oath that they did not commit the offenses charged.

The writs are dismissed. Prisoners may be presented on Monday at 1 p. m. for entry of order and further proceedings.