### In re ROSENWASSER BROS., Inc.

#### (District Court, E. D. New York.   October 31, 1918.)

1. SEARCHES AND SEIZURES ⊜⟹3—SEARCH WARRANTS—AUTHORITY TO ISSUE.
   The action of a commissioner in issuing a search warrant under authority given by Act June 15, 1917, c. 30, tit. 11, may be reviewed by the court on motion.

2. SEARCHES AND SEIZURES ⊜⟹3—SEARCH WARRANTS—PROBABLE CAUSE.
   Probable cause for the issuance of a search warrant must be shown by the facts alleged, and is to be determined therefrom by the magistrate, and not by the opinion of the affiant, although the facts may be averred on information, if the source of the information is stated.

3. SEARCHES AND SEIZURES ⊜⟹3—SEARCH WARRANTS—SEIZURE OF CORPORATE RECORDS.
   Corporation records, which would be evidence against individuals charged with crime, may be taken under a search warrant; and it is no objection that they might also be evidence against the corporation.

4. SEARCHES AND SEIZURES ⊜⟹3—SEARCH WARRANTS—PROBABLE CAUSE.
   Not only the affidavit made for the issuance of a search warrant, but also the complaint and affidavit charging the crime, may be considered in determining probable cause for issuance of the search warrant.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. SEARCHES AND SEIZURES ⚖3—SEARCH WARRANTS—GROUNDS FOR ISSU-
ANCE.

    Issuance of a search warrant by a commissioner *held* justified by the
showing of probable cause.

6. SEARCHES AND SEIZURES ⚖3—SEARCH WARRANTS—SUFFICIENCY OF AFFI-
DAVIT.

    An affidavit for a search warrant need not set forth the entire details
for exactly passing upon the materiality of every document which the
search warrant might properly produce, but general allegations showing
materiality are sufficient.

    In the matter of the application of Rosenwasser Bros., Incorporated,
for vacation of search warrant. Denied.

    Fitzgerald, Stapleton & Mahon, of New York City (Luke D. Stapleton, of New York City, of counsel), for petitioner.

    Melville J. France, U. S. Atty., of Brooklyn, and H. Harvey Harwood, Asst. U. S. Atty., of New York City, for the United States.

    CHATFIELD, District Judge. Motion has been made to this court
to vacate and set aside a search warrant, and to direct the return of
property taken under this search warrant from the factory of Rosenwasser Bros., Incorporated, one of the defendants in the case.

    The record shows that complaint was presented to a United States
commissioner against Rosenwasser Bros., Incorporated, with relation
to a charge of conspiracy which it was alleged had been formed and
carried out by the corporation with certain of its employés and certain
inspectors and officers of the United States, who were concerned with
government contracts in the process of fulfillment by the corporation.

    [1] This search warrant was issued under the provisions of Act
June 15, 1917, c. 30, tit. 11, §§ 1–3, 40 Stat. 228, and the particular
ground upon which the search warrant was issued is that of section
2, par. 2:

    "When the property was used as the means of committing a felony."

    Section 3 provides:

    "A search warrant cannot be issued but upon probable cause, supported by
affidavit, naming or describing the person and particularly describing the
property and the place to be searched."

    For the purpose of this motion it may be assumed that the other sections of this statute have been substantially complied with, that the
property seized has been inventoried, that the return of such papers
as are not material to the criminal charge has been secured through
the act of the commissioner, and that the books and papers necessary
to the ordinary conduct of the defendant company's business have been
made available to them.

    The only question presented is whether probable cause as to the
commission of a crime was shown in such a manner as to meet the
requirements of the provisions of articles 4 and 5 of the Constitution,
forbidding unlawful searches and seizures and securing protection
against compulsory incrimination.

    ⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A motion such as the present could be made as the law stood before the enactment of the present statute. United States v. Wilson, (C. C.) 163 Fed. 338; United States v. McHie (D. C.) 194 Fed. 894; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

The situation has not been changed in this respect by the statute of June 15, 1917. The various sections giving the commissioner the power under the warrant to determine whether probable cause actually exists, and to pass upon the materiality of the articles seized, do not restrict the right of the court to consider whether the record shows a basis for the entire proceeding. If there was no probable cause for the issuance of the original search warrant, the court can still set aside the entire action. In re Veeder (C. C. A. 7th Circuit) 252 Fed. 414, —— C. C. A. ——; United States v. Friedberg (D. C.) 233 Fed. 313.

[2] Probable cause must be shown from the facts alleged. It is not sufficient to aver nothing beyond the belief of an individual that such facts could be set forth. The conclusion from the averments of facts must be that of the magistrate, and not the opinion of the affiant. United States v. Tureaud (C. C.) 20 Fed. 621; United States v. Baumert (D. C.) 179 Fed. 735, and cases therein cited.

But the averments of facts need not be by an eyewitness. Allegations on information can be stated, if the facts so referred to and the source of the information are stated. The expression of belief in those facts is customary and required, but does not of itself constitute an allegation which will take the place of the statement of the alleged facts themselves. Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882.

But the evidence need not be given in detail, nor need the allegations be made by all the parties who will be called to prove them at the hearing. A direct affidavit that facts exist from which probable cause is inferable is sufficient. So is a statement that information as to the facts has been obtained from named sources, if the facts are recited. Beavers v. Henkel, supra, 194 U. S. at page 86, 24 Sup. Ct. 605, 48 L. Ed. 882.

[3] In the case at bar a search warrant and a warrant of arrest were issued and executed together. The corporation could not be arrested in corpore. But some of the individual defendants were arrested at the time of executing the search warrant, and notice was then given that the corporation was a party defendant. No question arises as to the right to take corporation records, which would be evidence against the individuals. Wilson v. United States, 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558; Dreier v. United States, 221 U. S. 394, 31 Sup. Ct. 550, 55 L. Ed. 784. Nor can the individuals or the corporation object that the papers taken from them might be evidence against the corporation. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Wheeler v. United States, 226 U. S. 478, 33 Sup. Ct. 158, 57 L. Ed. 309.

[4] If the corporation can be charged with conspiracy, it must still produce its books on the service of lawful process. Hale v. Henkel, supra. But it can object to being unlawfully searched, or compelled

to produce evidence against itself, by methods outside of the law. Individual defendants have the same right. Each claim of right must be considered by itself. The affidavit upon which the search warrant was asked was not the only paper before the commissioner. He had the complaint and affidavit upon which the warrant of arrest was sought. Both of these could be, and in fact were, used in determining probable cause. These papers together make out a showing of probable cause as to the existence and place of keeping of the papers sought and as to the commission of the crime charged.

[5] But the commissioner in the search warrant does not specifically recite the affidavits so used, nor does he state that he finds probable cause for the charge of conspiracy. His language is merely in the form of a conclusion, as follows:

"Whereas, complaint on oath and in writing has this day been made before me * * * by Franklin Ford, alleging that he has reason to believe and that he does believe that certain property was used as a means of committing a felony, to wit, a conspiracy to defraud the United States, a violation of section 37, C. C. of the United States," and that "the said above property is and is concealed in the quartermaster's subdepot located at Jackson avenue and Queen street, Long Island City."

But this includes the allegation that the property was used in the commission of a "conspiracy," and necessarily includes the finding of the elements of a conspiracy charge.

If the commissioner had stated that he was acting upon two complaints, one showing grounds for the issuance of the search warrant, and one showing probable cause for believing that a felony had been committed, by means of the papers and records sought, the only question would be the sufficiency of the showing made by both complaints.

Viewed in this light, the warrant of search was issued on verified statements sufficient to comply with the statute. When viewed from the allegations of the single paper, generally referred to as the complaint for the search warrant (the affidavit as to the whereabouts and existence of the papers sought), the lack of a showing of probable cause of the commission of a crime would be apparent. But under the circumstances of the issuance of both warrants in this case, the action of the commissioner was justified in law, and the government is not estopped from relying upon the entire record, by the failure of the commissioner to clearly state that his conclusions are not drawn from one complaint or one affidavit alone.

A warrant of arrest need not be as explicit or full as an indictment in setting forth the entire charge, and so a search warrant need not cover all the requisite preliminaries in its recitals, if the crime is definitely shown, and if the conclusion of the commissioner that probable cause exists is so stated that the papers upon which it is based can be identified as having been before him at the time, and if the names of the affiants are set forth (section 6):

"If the * * * commissioner is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant, * * * stating the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken."

These affidavits need not be served, but the warrant must be (section 12), and the originals are of course a part of the record, which must be preserved and should be filed with his return (section 17).

In this case the defendants have been misled by the use of the word "complaint," as if but one affidavit were referred to, when in fact there were three made by the same party. But no wrong has been inflicted thereby, and the general statement of the commissioner is broad enough to cover the defendants' rights, although not so worded as to make plain, upon the face of the warrant, the exact way in which the requirements of section 6 were met.

The court in the Veeder Case, supra, found that an allegation of belief as to the materiality of the papers sought was insufficient from which to find probable cause, when the list included papers of which the affiant had obtained merely a glance and which were not specifically described. The court comments upon the impossibility of determining whether a list of office books, copy of the smoke and wide tire ordinances, and Mr. Veeder's office keys were means used in the commission of the crime of controlling the price of beef by certain packers.

In the present case the affidavit is worded in much the same manner, and the Veeder decision does not seem to have been made use of to avoid the presentation of a similar objection.

[6] But it cannot be held that an affidavit for the purpose of showing probable cause must set forth the entire details for exactly passing upon the materiality of every document which the search warrant might properly produce. General allegations showing materiality to the issue would seem to be sufficiently specific, and such books and papers as have been used in the business routine are not to be thrown out as irrelevant and immaterial in the sense in which those faults were found by the court in the Veeder Case. It cannot be held that no discretion in searching (or even no search) for objects which may ultimately prove immaterial can be allowed, and that the affidavits must cover every such possibility. The language of the statute providing for the return of articles of this category indicates the proper limitations which the court found were exceeded in the Veeder Case. The papers searched for under the present warrant appear from the affidavits to be in substance material, and the warrant is not therefore fatally defective in this regard.

On the entire record the motion will be denied.