### UNITED STATES ex rel. SMITH v. MATHUES, U. S. Marshal.

(District Court, E. D. Pennsylvania. October 31, 1922.)

#### No. 4.

1. **United States Commissioners ⬉⟹7—Legal sufficiency of indictment not questioned on arraignment of accused.**

   On arraignment before the United States commissioner, the legal sufficiency of the indictment is not to be questioned.

2. **United States Commissioners ⬉⟹7—Functions on arraignment similar to those of examining magistrate.**

   The functions of the United States commissioner on arraignment of one against whom an indictment has been returned are practically those of an examining magistrate.

3. **United States Commissioners ⬉⟹7—Acting as committing magistrates, cannot issue warrant of removal.**

   The United States commissioner, on arraignment of one against whom an indictment has been returned, cannot issue a warrant of removal, under Rev. St. § 1014 (Comp. St. § 1674); the District Judge having exclusive jurisdiction to issue such warrant.

4. **Criminal law ⬉⟹242(1, 6)—Duties of District Court on motion for warrant of removal stated; indictment must be examined.**

   The District Court, on motion for a warrant of removal, acts in a judicial and not in a ministerial capacity, and must look into the indictment, to ascertain whether an offense against the United States is charged, ascertain whether there is probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction.

---

⬉⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ☞242(2)—Denial of motion for warrant of removal held proper.**

Where indictment charging neglect and refusal to support wife, in violation of Act March 23, 1906, making a "person in the District of Columbia," who willfully neglects or refuses to support his wife, guilty of a misdemeanor, did not describe the accused as a "person in the District of Columbia," and the evidence showed that he was not a resident thereof, denial of motion for warrant of removal to the District of Columbia *held* proper, since the accused was not guilty of a violation of such statute, unless a resident of the District of Columbia.

Harvey H. Smith was indicted for refusal to support and maintain his wife, and was placed in the custody of W. Frank Mathues, United States Marshal, in default of bail. On motion for warrant of removal, and on application for writ of habeas corpus. Motion for warrant of removal denied, and relator discharged in habeas corpus proceeding.

T. Henry Walnut and Frank H. Warner, both of Philadelphia, Pa., for relator.

Henry B. Friedman, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The relator was indicted September 26, 1921, in the District of Columbia upon the charge that upon May 1, 1921, and divers other days between that day and the day of the finding of the indictment, he neglected and refused at the District of Columbia to provide for the support and maintenance of his wife, Nellie E. Smith. He was arrested in this district and arraigned before the United States commissioner. Upon the production in evidence of an authenticated copy of the indictment and the identification of the relator as the defendant named therein, he was committed, in default of bail, pending the issuing of a warrant of removal, to the District of Columbia for trial. Upon his application, a writ of habeas corpus was issued and returned.

The statute upon which the indictment purports to be based is the Act of March 23, 1906, 34 Stat. 86, which provides as follows:

"That any person in the District of Columbia who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any person who shall, without just excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her minor children under the age of sixteen years," etc." shall be deemed guilty of a misdemeanor."

The penalties of the statute, it is apparent, apply only to "any person in the District of Columbia." From the petition and evidence offered at the hearing, which is undisputed, it appears that the relator and his wife were domiciled in the state of Oklahoma and there separated. In a suit in the District Court of Okmulgee county, Okl., a decree of divorce a vinculo matrimonii was entered, October 11, 1921, with a finding that the relator, the plaintiff in divorce, had been in good faith a citizen of Oklahoma for more than one year next preceding the filing of the petition and that the wife was guilty of the acts charged in the petition.

The wife during the period covered by the indictment, resided at Washington, D. C., but she and the defendant had never resided there together. The defendant was never a resident of Washington, D. C., and was not such resident during the period covered by the indictment.

[1, 2] At the hearing before the commissioner, the legal sufficiency of the indictment is not to be questioned. Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919; Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882. The functions of the commissioner are practically those of an examining magistrate, and, if the indictment contains the necessary elements of the offense, it is sufficient, although a more critical examination may show that the statute does not completely cover the case. Pearce v. Texas, 155 U. S. 311, 15 Sup. Ct. 116, 39 L. Ed. 164; Greene v. Henkel, 183 U. S. 249, 22 Sup. Ct. 218, 46 L. Ed. 177; Henry v. Henkel, 235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. 203.

[3, 4] The issuing of a warrant of removal, however, under section 1014, R. S. (Comp. St. § 1674), is not within the jurisdiction of the committing magistrate, but jurisdiction is conferred alone upon the District Judge. The judge acts in a judicial and not a ministerial capacity. He must look into the indictment to ascertain whether an offense against the United States is charged, find whether there is probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction of the same. Tinsley v. Treat, 205 U. S. 20, 27 Sup. Ct. 430, 51 L. Ed. 689.

[5] The relator, under the evidence, was not a resident of the District of Columbia during the period covered by the indictment, and was never a resident therein. He is not described in the indictment as being a "person in the District of Columbia." While the indictment charges that he neglected and refused to support his wife, that is not sufficient to constitute the offense charged. If he can be removed to the District of Columbia on the facts charged, he can be removed from any state in the Union to any other state for an extraditable offense, without ever having been within the jurisdiction within which the offense is charged to have occurred.

"It may be conceded no such removal should be summarily and arbitrarily made. There are risks and burdens attending it, which ought not to be needlessly cast upon any individual. These may not be serious in a removal from New York to Brooklyn, but might be if the removal was from San Francisco to New York. And statutory provisions must be interpreted in the light of all that may be done under them. We must never forget that in all controversies, civil or criminal, between the government and an individual, the latter is entitled to reasonable protection." Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882.

In this circuit it was held in the case of United States v. Fowkes, 53 Fed. 13, 3 C. C. A. 394, by the Circuit Court of Appeals, affirming Judge Butler, of this court, that under section 1014, R. S., a person arrested in Pennsylvania, merely on the strength of an indictment found in a federal District Court in Missouri for violation of the Interstate Commerce Act (24 Stat. 379), can, on application for habeas corpus and for a warrant of removal to such court, introduce evidence to prove that the act alleged as an offense was not committed in Mis-

souri, and was therefore not cognizable in the federal court in Missouri, and the court may exercise discretion in refusing to grant the warrant, in despite of proof that a condition described by the statute was non-existent.

This is clearly a case for the exercise of judicial discretion, and under the uncontradicted facts the motion for a warrant of removal must be denied, and the relator in the habeas corpus proceeding discharged.