.  **James E. COLLINS, Petitioner,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65–H–592.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 23, 1965.

James E. Collins, pro se.

Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., for respondent.

INGRAHAM, District Judge.

The petitioner, James E. Collins, a prisoner in state custody, has applied to this court for leave to file in forma pauperis a petition for the writ of habeas corpus.

His application to proceed in forma pauperis is granted in this court only, and the clerk is directed to file the petition.

Petitioner complains of his conviction for car theft and habitual criminal activity in the 4th Criminal District Court of Harris County, Texas, in July 1963. His claim that his detention is in violation of his constitutional rights is based on three allegations:

1. There was an inadmissible statement at his trial.

2. There was an illegal search and seizure.

3. There was no preliminary hearing.

■ As to petitioner's first two claims, he states no more than the broad allegations above. While applications for the writ of habeas corpus must be given a very liberal interpretation, State of Oregon, ex rel. Sherwood, v. Gladden,

240 F.2d 910 (9th Cir. 1957), applications must state *facts* which entitle the applicant to relief.

"Liberal as the courts are and should be as to practice in setting out claimed violations of constitutional rights, the applicant must meet the statutory test of alleging facts that entitle him to relief." Brown v. Allen, 344 U.S. 443, 461, 73 S.Ct. 397, 409, 97 L.Ed. 469 (1952).

■ If by "statement" petitioner means "confession", a constitutional deprivation may lurk in the background. Similarly, some use of an illegal search and seizure may have occurred which violated petitioner's constitutional rights. Petitioner must inform the court of *facts* upon which he bases these claims.

■■ Petitioner's third claim is no more specific. However, even if he developed the facts as to it, no constitution deprivation would emerge. A preliminary hearing prior to indictment or trial is not a constitutional right which, if denied, would require defendant's release on habeas corpus. Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343 (1895). United States, ex rel. Kassin, v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501 (1935). Beavers v. Henkel, 194 U.S. 73, 84–85, 24 S.Ct. 605, 48 L.Ed. 882 (1904). Dillard v. Bomar, 342 F.2d 789, 790–791 (6th Cir. 1965), citing numerous cases from the U. S. Courts of Appeals.

Therefore, the petition for the writ of habeas corpus is denied. This is a final judgment.

True copies hereof will be forwarded by the clerk to the petitioner and the Attorney General of Texas.