**UNITED STATES ex rel. CUNNINGHAM v. MATHUES, U. S. Marshal.**

District Court, E. D. Pennsylvania. May 9, 1928.

**1. Criminal law ⬤═242(8)—United States ⬤═ 23—Witness refusing to answer questions of Senate investigating committee held required to stand trial for contempt and removable to another district (2 USCA § 192; 18 USCA § 591).**

Witness before committee of Senate, which was conducting an investigation, refusing to answer questions addressed to him, *held* required to stand trial under indictment charging contempt under Rev. St. § 102 (2 USCA § 192), and was removable to another district for trial under section 1014 (18 USCA § 591).

**2. Criminal law ⬤═242(4, 7)—Defendant will not be removed to another district for trial, if legal offense is not charged and probable cause does not exist (18 USCA § 591).**

If defendant is not charged with a legal offense, or if probable ground for belief in his guilt does not appear, there is no justification for compelling him to stand trial, and he is not removable to another district for trial under Rev. St. § 1014 (18 USCA § 591).

**3. Indictment and information ⬤═1—Proof of guilt cannot be received unless defendant has been charged with commission of offense.**

No proof, however clear, of defendant's guilt, can be accepted in a court of criminal law, unless he has been in due form first charged with the commission of the offense.

**4. Criminal law ⬤═242(4, 6)—As respects removal, if act charged is not offense, defendant should not be required to stand trial, but, if indictment charges offense, sufficiency thereof is for trial court (18 USCA § 591).**

As respects removal of defendant to another district for trial under Rev. St. § 1014 (18 USCA § 591), if the act with commission of which defendant is charged is one which has not been made a criminal offense by law, defendant should not be required to stand trial, but, if indictment may be so read as to charge a criminal act and the question is one which turns on the verbiage employed, sufficiency of indictment should be determined by trial court.

**5. Criminal law ⬤═242(8)—Pertinency of questions which witness before Senate investigating committee refused to answer held for trial court, not determinable in removal proceedings (18 USCA § 591; 2 USCA § 192).**

As respects probable cause for removal of defendant to another district for trial under Rev. St. § 1014 (18 USCA § 591), under indictment under section 102 (2 USCA § 192), for refusing, as witness, to answer questions of Senate investigating committee, propriety of particular question or relevancy or pertinency of evidence to be elicited thereby must be left for determination of trial and appellate courts.

**6. Criminal law ⬤═242(8)—Issue of contempt in refusing to answer questions of Senate investigating committee and sufficiency of indictment held for trial court, not determinable in removal proceedings (18 USCA § 591; 2 USCA § 192).**

In proceedings for removal of defendant to another district for trial under Rev. St. § 1014 (18 USCA § 591), based on indictment under section 102 (2 USCA § 192), charging contempt, in that defendant refused to answer pertinent questions asked by Senate investigating committee, objection that evidence did not show that any offense was committed because questions asked were impertinent and irrelevant, and that allegations of indictment were insufficient to charge offense, *held* matters for trial court's determination.

Habeas corpus by the United States, on the relation of Thomas W. Cunningham, against W. Frank Mathues, United States Marshal. On hearing on petition, writ, return, and travers. Petition for writ dismissed, relator remanded, and removal order allowed.

Otto Kraus, Jr., and Benj. M. Golder, Ruby R. Vale, all of Philadelphia, Pa., for plaintiff.

Howard Benton Lewis, Acting U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. We have entitled this cause as above. There are in form three proceedings:

(1) Hearing by the court sitting as a committing magistrate under R. S. § 1014 (18 USCA § 591).

(2) Motion for warrant of removal.

(3) Hearing upon writ of habeas corpus.

For the convenience of the court and of counsel and parties, it was arranged that the court should sit as a committing magistrate, and as such would determine all questions which might be raised in any one or all of the

proceedings listed. If the court was of opinion that the defendant should not be held for trial, no other steps need be taken. If, however, the court should hold the defendant for trial, then a formal commitment should issue and a formal motion be made to remove the defendant who, being in custody under such commitment, should then ask for a writ of habeas corpus. All questions which might arise would, however, as above stated, be discussed in the one argument and disposed of in one opinion. Leave was further given to file briefs, after consideration of which the court was to file its opinion in accordance with which the called for formal orders would be entered. The cause is now ripe for a ruling.

The conclusion reached is that the relator in the habeas corpus proceeding and the defendant in the others should be committed for trial. This means that the removal order should be allowed, the petition for the writ of habeas corpus be dismissed and the relator remanded. Upon appeal taken, he is to be enlarged pending appeal upon bail being entered.

### Discussion.

[1-4] We see no real need to discuss the questions raised at the argument at bar, but defer to the wish of counsel to put an expression of our views upon record. In the opinion the relator is named defendant. The defendant was indicted by the grand jury of the District of Columbia for the offense defined and denounced in R. S. § 102 (2 USCA § 192). Aside from the verbiage of the act of Congress, the real offense is that, when a witness before a committee of the Senate, the defendant in contempt of the tribunal conducting the inquiry then being made refused to answer a pertinent question addressed to him. The evidence before us consists of the indictment mentioned and the stenographic report of the hearing then being conducted. We have often had occasion to state that a right of great practical value belongs to every one charged with crime. It is expressed in the formulation of the broad question of whether he ought to be put upon his trial. This is the question which it is the special duty of committing magistrates and grand juries to determine. Indeed it is the special and only duty which they perform. On occasion courts declare the answer to the same question, and this is the question before us. Put thus broadly, the suggested answer is in the affirmative. This defendant was a witness before a lawfully constituted tribunal; he was asked a series of questions which he refused to answer, and the conse-

26 F.(2d)—18

quence is that he should stand trial for the charged offense. Why should he not? The distinction is an obvious one, but should be kept in mind, between the propriety of the defendant being put on trial, and the other question of his guilt. None the less if, on the showing made, the defendant is not charged with a legal offense or if what is called probable ground for belief in his guilt does not appear, there would be no justification for compelling him to stand trial. It is this proposition on which the defendant takes his stand. It is a legal truth that no proof, however clear, of a defendant's guilt can be accepted in a court of criminal law unless he has been in due form first charged with the commission of the offense. Due form embraces the two thoughts of the statement of a substantive offense and the verbiage chosen to give it expression. If the former be lacking in an indictment, all are agreed that the defendant should not be held for trial. In the case of the latter, however, the question divides. If raised in the trial court, it could be raised by a demurrer. The courts of the United States are commanded to disregard even a well-founded criticism of an indictment because inartificially or indeed defectively drawn unless some right of the defendant be, in the opinion of the court, prejudiced thereby. Hence the division of the question above mentioned. The first part of the question becomes one of which is the tribunal which is to find whether any right of the defendant is affected by the defect in the indictment. Should the court in, for illustration, a habeas corpus hearing or the trial court, make the finding? Here it often may be found that there is such an overlapping of the thoughts referred to that one becomes the other. A defect in verbiage may be so great as that no substantive charge can be extracted from it, or it may be so near the boundary line that it may be viewed as a case of the absence of a substantive charge or as one of a denial to the defendant of his right to be informed of the charge made against him. Here we think the rule to be followed is that, if the act with the commission of which the defendant is charged is one which has not been made a criminal offense by the law, the defendant should not be required to stand trial; if, however, the indictment may be so read as to charge a criminal act, and the question is one which turns upon the verbiage employed, the question of the sufficiency of the indictment should be referred to the trial court. Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Beavers v. Henkel, 194 U. S. 82, 24 S. Ct. 605, 48 L. Ed. 882;

U. S. ex rel. Mayer v. Glass (C. C. A.) 25 F. (2d) 941, opinion filed April 19, 1928,; U. S. ex rel. Tassell v. Mathues (C. C. A.) 11 F. (2d) 53; Swan v. U. S. (C. C. A.) 23 F.(2d) 148.

[5] Applying these general principles to the fact situation of the instant case, we have questions raised which, for the purpose of this discussion, may be summarized as we have, with no attempt at fullness and perhaps inadequately, formulated them.

1. Absence of probable cause: The gist of the offense charged is the refusal to answer one or more pertinent questions. No one of the questions stated in this indictment was either pertinent or relevant to the inquiry before the Senate committee, but, on the contrary, were probings into the purely personal, private affairs of the witness, with which neither the Senate nor the public interests of the inquiry had any concern. The broad question of the propriety of a particular interrogatory or the narrower one of the relevancy or pertinency of evidence to be elicited thereby is a question which cannot be ruled upon consideration of the naked question alone. It must have read into it all its environments, including the atmosphere of the trial and the personality and demeanor of the witness. None but the trial court (or an appellate court upon a review of the whole trial) can make the called-for ruling. An incident of the argument at bar illustrates this truth. The questions addressed to the defendant were compared with an air of triumphant humor to a question addressed to a supposititious witness who had testified on examination in chief to specific acts which had no relation to cats. The supposed question on cross-examination was, "Did you ever see a cat which had five legs?" If the trial judge had nothing to guide him to a ruling other than the question itself, it is clear that he would disallow it. If, however, the atmosphere of the trial and the personality of the witness suggested the probability that the witness was unbalanced, that he was crazy on the subject of cats, and that one of his insane delusions was that every cat had five legs, and would so answer the question, it is just as clear that the question was pertinent and the answer had a direct bearing upon the credibility of the witness.

In the view we take, the pertinency of the questions asked is not one by which we should determine the other question of whether this defendant should stand trial, and in consequence we should pass no opinion upon the question of pertinency further than the statement of the broad proposition that we decline to rule that no substantive offense is charged in this indictment.

[6] 2. The substantive offense charged against the defendant is one of contempt, in that he had defied the authority of the Senate of the United States by refusing to answer pertinent questions addressed to him which he had been required to answer. It is objected that the evidence shows that no such offense was committed. All it shows is that the witness exercised his right to object to the questions asked and to decline to answer them because they were impertinent and irrelevant, in that they asked for a disclosure of personal, private matters which had nothing to do with the matters of public concern under inquiry nor with the business of the Senate or its committee. The evidence shows that no ruling was made upon his objection, nor was he directed to make answer to any of the questions asked. Not having been put in contempt, he could not be guilty of the offense of contempt.

Again our view is that this raises the question of guilt with which this court has nothing to do, sitting as a committing magistrate, or upon habeas corpus hearing, or upon a motion for an order of removal. We again limit ourselves to the ruling that the defendant should stand trial, at which this and all other matters of defense may be urged.

3. If the offense charged is viewed as one not for a contempt, but one under section 102 of the Revised Statutes for a refusal to answer "pertinent" questions, then the objection is raised that there is no evidence that the questions asked were pertinent. The only evidence against the defendant is the indictment, and it is barren of any averment that the questions were pertinent. The record of the proceedings in which the questions were asked and the questions themselves show that they were not pertinent, and that the facts sought to be elicited were wholly irrelevant to the inquiry being conducted.

The effect of the evidence has already been sufficiently discussed. The other question is one of the sufficiency of the averments of the indictment. We assume the defendant is at full liberty to raise the suggested question respecting the indictment when his case is called for trial or at an earlier stage in the trial court. At all events, we repeat the ruling, already several times made, that it is beside our province to determine the question raised, and because of this we do not discuss it.

Appropriate orders in accordance with this opinion may be submitted.