**UNITED STATES ex rel. CUNNINGHAM v. FETTERS, United States Marshal.**

District Court, E. D. Pennsylvania.

Dec. 23, 1930.

Benjamin M. Golder, of Philadelphia, Pa., for relator.

Edward W. Wells, U. S. Atty., and Howard Benton Lewis, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

There is danger that the final disposition of this cause may be delayed and its merits lost in a maze of procedural questions. A recapitulation may make clear the present record situation. The main question to be determined in this cause had been fully discussed in the closely akin case of U. S. v. Barry (D. C.) 25 F.(2d) 733.

The view taken of the first case had made the disposition of the second by this court almost perfunctory. To expedite a ruling, it was arranged that a warrant be applied for and issued and hearing given the defendant by a judge of this court, sitting as a committing magistrate, and the defendant discharged or held for trial as the judge might decide; if the defendant was held, a motion for a warrant of removal of the defendant to the District Court of the District of Columbia should be made and issued or refused by a judge of this court; if the warrant issued, the defendant should be taken into custody by the marshal, and should thereupon petition for a writ of habeas corpus to have the lawfulness of his detention determined; the relator being enlarged upon bail pending the ruling in the habeas corpus proceeding. The cause was heard upon a habeas corpus hearing on petition, return, traverse, and proofs. The only or main evidence upon which the defendant could be held was an indictment found in the District of Columbia District, charging the offense of a refusal to answer pertinent questions propounded by a committee of the Senate of the United States. The defendant in the main contended that the questions set forth in the indictment were not pertinent, and hence that no legal offense was charged. If this contention had been upheld, the relator had the right to his discharge on habeas corpus, because clearly no defendant should be sent into another district for trial when the act with the commission of which he was charged constituted no crime under the law. This court, however, held to the view that the question raised was a question to be determined by the trial court and not by the habeas corpus court. U. S. ex rel. v. Mathues (D. C.) 26 F.(2d) 272.

The relator was accordingly remanded to the custody of the marshal for removal. He thereupon exercised his right of appeal to the Circuit Court of Appeals of the Third Circuit, by which court the judgment of this court was reversed. U. S. ex rel. v. Mathues, 33 F.(2d) 261.

Application for a certiorari was then made to the Supreme Court, before the hearing of which the marshal of this district, who was the defendant in the habeas corpus proceeding, went out of office, and was succeeded by the present marshal. No substitution of the new marshal having been made within the time prescribed by the act of Congress, the proceeding was, on suggestion of this fact, held to have abated, and a mandate was sent down to this court directing us to abate the writ before issued. This has accordingly been done. The defendant in the prosecution and the writ of removal has surrendered himself to the marshal in relief of his bail, and is now in the custody of the marshal. He has thereupon petitioned this court for a writ of habeas corpus, complaining of his detention under the original warrant of arrest and his commitment. The

writ was allowed, and the marshal has made return that the relator is in his custody under the warrant of removal. The hearing on the habeas corpus was agreed should be determined upon the evidence taken at the former hearing, which, by stipulation, is made the evidence in the present proceeding.

### Discussion.

The relator attaches importance to the distinction indicated between detention under the warrant of removal and the commitment. We do not see that it has any. The relator is found to be in fact held by the marshal by authority of the original warrant of arrest, the commitment and the warrant of removal, each and all. The only question to be determined by this court is whether we are at liberty to adhere to the judgment before reached that the relator should be remanded, or whether we are bound to accept and to follow the ruling of the Circuit Court of Appeals that he should be discharged without day.

In view of the almost certainty that this cause will have an appellate experience, the disposition we make of it is barely more than formal. The sole effect of it is to put on one party or the other the burden of appeal, and hence the expense of printing the larger paper book. The only question is, What is for this court the law of the case? It seems clear that it is what the Circuit Court of Appeals has declared it to be. U. S. ex rel. Cunningham v. Mathues, 33 F.(2d) 261.

The following of the ruling of the Circuit Court of Appeals calls for an order discharging the relator without day, and a formal order to this effect may be submitted.